UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
EDWARD F. HAAS,

              Plaintiff,

       v.                             07 Civ. 3623 (GBD)

CARLOS M. GUTIERREZ et al.,

              Defendants.
------------------------------------------------------------- x

## MEMORANDUM IN SUPPORT OF GOVERNMENT DEFENDANTS' MOTION TO DISMISS

                                                MICHAEL J. GARCIA
                                                United States Attorney for the
                                                Southern District of New York
                                                Attorney for Defendant

BENJAMIN H. TORRANCE
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Telephone: 212.637.2703
Fax: 212.637.2702
E-mail: benjamin.torrance@usdoj.gov

    – Of Counsel –


EXHIBIT E

## TABLE OF CONTENTS

Preliminary Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.     Plaintiff Lacks Standing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.     IQA Decisions Are Not Reviewable Under the APA. . . . . . . . . . . . . . . . . . . . . . 3

      C.     Plaintiff's Claim That NIST Failed to Respond to His Request Is Moot. . . . . 5

      D.     Plaintiff's Demand for "Forbearance" Is Unsupported by Law and Therefore Fails to State a Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      E.     Plaintiff Has Failed to State a Constitutional Claim. . . . . . . . . . . . . . . . . . . . 6

            1.     Plaintiff's Complaint Does Not Seek Constitutional Relief. . . . . . . . . 6

            2.     Plaintiff Has Not Alleged a Due Process Violation. . . . . . . . . . . . . . . 7

            3.     *Bivens* Provides No Right of Action Here. . . . . . . . . . . . . . . . . . . . . . 8

      F.     Plaintiff's Complaint Overall Is Frivolous and May Be Dismissed for That Reason Alone. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Preliminary Statement**

Defendants Carlos M. Gutierrez, Secretary of Commerce; James M. Turner, Acting Director of the National Institute of Standards and Technology ("NIST");[1] and NIST employees Shyam Sunder, Therese McAllister, and Catherine Fletcher (collectively, the "government") respectfully submit this memorandum of law in support of the government's motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

This action—predicated on an alleged conspiracy to cover up the true cause of the collapse of 7 World Trade Center on September 11, 2001—must be dismissed for several reasons. Plaintiff's complaint demands that NIST respond to a "request for correction" that he submitted to that agency under the Information Quality Act ("IQA"). But plaintiff lacks standing to bring that claim, and more generally actions based on the IQA are not justiciable. In addition, the complaint is moot, as NIST has already responded to plaintiff's request for correction. Plaintiff's other allegations fail to state a claim on which relief can be granted. For those reasons and others explained below, the complaint should be dismissed.

**Background**

According to the allegations in the complaint, NIST has been in the process of finalizing a report on the collapse of 7 World Trade Center ("WTC7") on September 11, 2001. Complaint ¶¶ 4–8. Plaintiff alleges that NIST has stated—in a PowerPoint slide show posted on its web site—that "'NIST has found no evidence of a blast or controlled demolition event,'" and that statement is "materially false" because Larry Silverstein (the

---

[1] Pursuant to Fed. R. Civ. P. 25(d), NIST Acting Director James M. Turner is automatically substituted in this action for his predecessor William A. Jeffrey.

leaseholder for WTC7) once stated that he suggested to a fire department commander, who stated they were unable to contain the fires burning in WTC7, that "'the smartest thing to do is pull it.'" *Id.* ¶ 8. Plaintiff casts this alleged statement by Silverstein as an admission that WTC7 was destroyed by a controlled demolition, rather than the commonly held view that it was destroyed as a result of terrorist attacks on that day. *Id.* Plaintiff therefore has requested that NIST "correct" its assertedly erroneous statements. *Id.* ¶¶ 9–11. Plaintiff further alleges that NIST has not yet responded to his request for correction. *Id.* ¶¶ 12–13, 33–35. Based on these allegations, plaintiff claims the government has violated the Information Quality Act,[2] Pub. L. No. 106-554, § 515 (reprinted at 44 U.S.C. § 3516 note), and seeks an injunction under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*[3]

**ARGUMENT**

**A. Plaintiff Lacks Standing**

Plaintiff has no standing to bring this action. A plaintiff lacks standing—and therefore a federal court lacks jurisdiction—unless plaintiff can plead and prove (among other elements) "an injury in fact—an invasion of a *legally protected interest* which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 561 (1992) (emphasis added; citations and internal quotation marks omitted); *accord Port Washington Teachers' Ass'n v. Board of Educ.*, 478 F.3d 494, 498–502 (2d Cir. 2007); *Hamm v. United States*, 483 F.3d 135, 137 (2d

---

[2] Also known as the Data Quality Act.

[3] Plaintiff also invokes the Constitution, "due process," and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), but makes no explicit claim for relief under the Constitution. Complaint ¶¶ 37–46; *see infra* Point E.

Cir. 2007); *London v. Polishook*, 189 F.3d 196, 199 (2d Cir. 1999).

Plaintiff cannot meet that burden here because the IQA "creates no legal rights in any third parties." *Salt Inst. v. Leavitt*, 440 F.3d 156, 159 (4th Cir. 2006). The statute merely directs the federal Office of Management and Budget to promulgate "guidelines" concerning information quality. IQA, Pub. L. No. 106-554, § 515; *Salt Inst.*, 440 F.3d at 159. Thus, the IQA "does not create a legal right to access to information or to correctness." *Salt Inst.*, 440 F.3d at 159.

In *Salt Institute*, as in this case, the plaintiff requested that a federal agency correct certain information it had disseminated. *Id.* at 157. After that request was denied, the plaintiff brought an action under the APA and IQA—again, just as plaintiff has done here. *Id.* at 157–58. The court of appeals concluded that, because the IQA creates no legal rights, the requesters "ha[d] not alleged an invasion of a legal right and, thus, have failed to establish an injury in fact sufficient to satisfy" the jurisdictional requirements of Article III of the Constitution. *Id.* at 159. This Court should do the same: find that plaintiff lacks standing because he has failed to allege the infringement of a legal right, and thus dismiss the complaint for lack of jurisdiction.

**B.   IQA Decisions Are Not Reviewable Under the APA**

For similar reasons, plaintiff's claims in this action are not reviewable. The IQA itself does not provide for judicial review: it creates only an administrative review system, but as other courts have ruled, "Congress did not intend to permit judicial review of IQA information correction requests." *Americans for Safe Access v. U.S. Dep't of Health & Human Servs.*, No. C-07-01049, 2007 WL 2141289, at *3 (N.D. Cal. July 24, 2007); *accord In re Operation of the Missouri River System Litig.*, 363 F. Supp. 2d 1145, 1174–75 (D. Minn. 2004), *aff'd in part and vacated in part on other grounds*, 421 F.3d 618 (8th Cir.

3

2005).

Plaintiff's attempt to seek judicial review under the APA must therefore fail. Although the APA permits judicial review of certain types of agency action, a court may not review an "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2); *accord Schneider v. Feinberg*, 345 F.3d 135, 148 (2d Cir. 2003). A court has "no jurisdiction if the governing statute or regulations '[are] drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" *Id.* (quoting *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)). In other words, "[d]ismissal for lack of jurisdiction is appropriate where there is 'no law to apply.'" *Id.* (quoting *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 410 (1971)).

In this case, as other courts have held, the IQA "provide[s] no meaningful standard of review for APA claims," and accordingly "'there is no law to apply,' and the 'agency action is committed to agency discretion.'" *Americans for Safe Access*, 2007 WL 2141289, at *3 (quoting *Missouri River*, 363 F. Supp. 2d at 1174–75).[4]

Moreover, plaintiff's claims that NIST failed to timely respond to his request for correction similarly lacks "law to apply." NIST's "Guidelines"—promulgated pursuant to Department of Commerce IQA "Guidelines," 67 Fed. Reg. 62,685 (2002), in turn promulgated under the OMB "Guidelines" required by the IQA itself, 67 Fed. Reg. 8452—state only that NIST "will *attempt* to communicate either a decision on the request, or a statement of the status of the request and an estimated decision date, within 60 calendar days after receipt of the request." NIST Guidelines, Information Quality Standards, and Administrative Mechanism, http://www.nist.gov/director/quality_standards.htm, ¶ III.B.5

---

[4] These decisions accord with the Fourth Circuit's ruling that the IQA creates no legal rights, *Salt Inst.*, 440 F.3d at 159; therefore there can be "no law to apply."

4

(emphasis added). Similarly, the NIST Guidelines also state that an initial response to a proper request will be communicated to the requester "*usually* within 60 calendar days of NIST's receipt of the request." *Id.* ¶ III.C.3 (emphasis added). That language, requiring NIST only to "attempt" to respond within 60 days or to "usually" respond within that time, is inherently discretionary and provides no meaningful standard of review under the APA. Accordingly, the decision on when to respond to a request for correction is "committed to agency discretion by law," and the claim should be dismissed for lack of jurisdiction.

### C.   Plaintiff's Claim That NIST Failed to Respond to His Request Is Moot

A central allegation of plaintiff's complaint is that NIST did not timely respond to his request for correction. Complaint ¶¶ 2, 12, 13, 33–35, 41. Regardless of whether that claim was true at the time the complaint was filed, it is no longer: NIST denied plaintiff's request for correction by letter dated August 22, 2007. Declaration of Melissa J. Lieberman, Ex. A.

A claim is moot (and therefore the court lacks jurisdiction) when the "issues presented are no longer live," "there is no reasonable expectation that the wrong will be repeated," and the courts cannot grant "any effectual relief whatever"—in short, there is no "actual, ongoing controvers[y]." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal quotation marks omitted); *Honig v. Doe*, 484 U.S. 305, 317 (1988). Here, NIST's response vitiates plaintiff's claims for relief, either that NIST must respond or that NIST should "forbear" from continuing its investigation into the World Trade Center collapse until it has responded. The test for mootness is therefore satisfied, and plaintiff's complaint must be dismissed for lack of jurisdiction.

### D. Plaintiff's Demand for "Forbearance" Is Unsupported by Law and Therefore Fails to State a Claim

Plaintiff seeks to require NIST to "forbear" from taking action on its investigation into the WTC7 collapse until his request for correction is decided. Complaint ¶¶ 11, 13, 15, 39, 41. Putting aside the fact that that contention is moot, it fails to state a claim on which relief may be granted and therefore must be dismissed under Fed. R. Civ. P. 12(b)(6). Plaintiff cites no law that says an agency must "forbear" from taking any action until it responds to a citizen's request for correction under the IQA; the IQA itself, which as explained above merely requires the promulgation of regulations and creates no rights, certainly does not require such "forbearance." Nor does the APA. Indeed, were an agency required to "forbear" from conducting its business every time a member of the public asserted an error in the agency's facts—no matter how unsupported or frivolous that assertion—the work of the government would grind to a halt. There being no legal basis for plaintiff's demand for "forbearance," he has failed to state a claim and the complaint should be dismissed.

### E. Plaintiff Has Failed to State a Constitutional Claim

#### 1. Plaintiff's Complaint Does Not Seek Constitutional Relief

Plaintiff's complaint asserts three claims for relief, but none of them seek a remedy under *Bivens* or the Constitution. Complaint ¶¶ 37–46. Accordingly, despite the invocation of "due process" at various points in the complaint, plaintiff has not fairly pleaded a *Bivens* or constitutional claim: "a mere statement that 'due process' rights have been violated does not necessarily give rise to a specific federal constitutional claim." *Petrucelli v. Coombe*, 735 F.2d 684, 688 (2d Cir. 1984). The Court therefore should not consider any issues of due process or relief under *Bivens*.

6

### 2. Plaintiff Has Not Alleged a Due Process Violation

Even if fairly pleaded, plaintiff has failed to state a claim for a violation of due process. Procedural due process protects individuals' liberty and property interests by constraining governmental decisions that threaten these interests. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). But when a plaintiff has failed to demonstrate a constitutionally cognizable property or liberty interest at stake, his due process claims must be dismissed. *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989); *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."); *Abramson v. Pataki*, 278 F.3d 93, 99 (2d Cir. 2002) ("To survive a motion to dismiss, a due process claim . . . must allege the deprivation of a constitutionally protected interest."). The "range of interests protected by procedural due process is not infinite," and requires "a legitimate claim of entitlement." *Roth*, 408 U.S. at 569, 577. The claim, moreover, must be grounded in substantive rather than merely procedural requirements. *Cofone v. Manson*, 594 F.2d 934, 938 (2d Cir. 1979) ("[a]lthough a Due Process Clause liberty interest may be grounded in [a] law that places substantive limits on the authority of . . . officials, no comparable entitlement can derive from a statute that merely establishes procedural requirements").

Here, as explained above, the IQA creates no substantive legal rights at all for plaintiff, much less a property or liberty interest rising to constitutional dimensions. In fact, plaintiff has failed altogether to even allege a protected property or liberty interest. The due process claims must therefore be dismissed.

Moreover, in order to state a claim under *Bivens* a plaintiff must allege that each named defendant personally violated a well-established constitutional right of which a

7

reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Wilson v. Layne*, 526 U.S. 603, 609 (1999). Additionally, "intentional conduct [i]s a prerequisite for a due process claim." *Shannon v. Jacobowitz*, 394 F.3d 90, 94 (2d Cir. 2005) (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986)). Plaintiff has alleged neither a clearly established right—as no legal right whatsoever of plaintiff's was infringed, much less a clearly established constitutional one—nor intentional deprivation. For that reason too his constitutional claims must be dismissed.

### 3. *Bivens* Provides No Right of Action Here

In *Bivens*, the Supreme Court found a right of action to sue federal employees for damages for alleged searches and seizures in violation of the Fourth Amendment. 430 U.S. at 390–97. But a *Bivens* remedy is not available for every alleged violation of the Constitution; in fact, when the Supreme Court has been asked to expand *Bivens* to other contexts, "in most instances [the Court] ha[s] found a *Bivens* remedy unjustified." *Wilkie v. Robbins*, 127 S. Ct. 2588, 2597 (2007); *accord Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001); *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988). In particular, "a *Bivens* action alleging a violation of the Due Process Clause of the Fifth Amendment may be appropriate in some contexts, but not in others." *FDIC v. Meyers*, 510 U.S. 471, 484 n.9 (1994).

When there are "indications that congressional inaction" in creating a remedy "has not been inadvertent," the courts defer to that legislative determination and decline to extend *Bivens* to create an alternative remedy in defiance of Congress's intent. *Schweiker*, 487 U.S. at 423. As noted above, that is the case here: courts have held that Congress did not intend a judicial remedy for alleged violations of the IQA. *Supra* Point B. For that reason, this Court should not imply a remedy under *Bivens* where Congress intended no

8

judicial remedy to exist at all, and should dismiss plaintiff's *Bivens* claims.

### F.    Plaintiff's Complaint Overall Is Frivolous and May Be Dismissed for That Reason Alone

Finally, the complaint in this action is predicated on a conspiracy theory alleging that WTC7 was destroyed not by a terrorist attack but by an elaborately planned controlled demolition—a conspiracy aided by

> [directed energy weapons] that are operational in Earth orbit, at high altitude, low altitude, at sea and on land ranging in lethality from the capacity to do great damage, such as that of destroying the World Trade Center Twin Towers in less than 10 seconds each, as occured on 9/11/01, down to and including imposition of a disabling stun on human beings for crowd control and other psy ops purposes.

Complaint ¶¶ 4–8, 10, 25, 26; *id.* Ex. A. That conspiracy is now allegedly being covered up by NIST, whose officials are "literally surround[ed] and, accordingly, controll[ed] and manipulat[ed]" by certain contractors, who use "psy ops of the type that are intended to mislead the publics [*sic*] of targeted countries." *Id.*[5]

It is well settled that a district court may dismiss a frivolous or delusional complaint, even in a case, such as the present one, where the plaintiff is not proceeding *in forma pauperis*. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362 (2d Cir. 2000) (holding that the authority to dismiss frivolous cases applies not only to *in forma pauperis* cases but also to cases brought by fee-paying plaintiffs); *Cummings v. Giuliani*,

---

[5]    Plaintiff's counsel has also filed two related cases now pending before this Court—*United States ex rel. Wood v. Applied Research Assocs., Inc.*, 07 Civ. 3314, and *United States ex rel. Reynolds v. Science Applications Int'l Corp.*, 07 Civ. 4612 (S.D.N.Y.)—that further elaborate on the alleged conspiracy. The term "DEW," appearing undefined at paragraph 25 of the present complaint, is specified to mean "directed energy weapons" in paragraph 9 of the *Wood* complaint; "psy ops," paragraph 11 informs us, means "psychological operations." That complaint also expands the alleged plot to include "rogue elements [of the U.S. military] that are neither responsive to or even known to the lawful chain of command of the Armed Forces" as well as the "military industrial complex." *Wood* Complaint ¶¶ 10, 54.

9

No. 00 Civ. 6634 (SAS), 2000 WL 1597868, at *2 (S.D.N.Y. Oct. 24, 2000). The power to dismiss frivolous claims extends not only to "legally frivolous" claims, but also to "factually baseless" claims: those based on allegations that "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *accord Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989) (factually baseless claims include "claims describing fantastic or delusional scenarios"); *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (same). Courts have not hesitated to dismiss complaints containing delusional conspiracy theories such as plaintiff's. *See, e.g., Bloom v. United States Government*, No. 02 Civ. 2352, 2003 WL 22327163, at *4–*5 (S.D.N.Y. Oct. 10, 2003) (dismissing claims of a government conspiracy to "murder and lynch" plaintiff and of drugging him in order to keep him from pursuing the practice of dentistry); *Tyler v. Carter*, 151 F.R.D. 537, 537–38 (S.D.N.Y. 1993) (dismissing case *sua sponte* where plaintiff, a self-identified "cyborg," alleged that individuals including former Presidents Jimmy Carter and Bill Clinton were part of a conspiracy to reinstitute slavery and breed humans for slaughter), *aff'd*, 41 F.3d 1500 (2d Cir. 1994) (table); *George Washington America v. U.S. Passport Agency*, No. 91 Civ. 2731, 1991 WL 258763, at *1 (S.D.N.Y. Nov. 27, 1991) (dismissing complaint alleging that the U.S. government, CIA, and communist conspiracies used laser beams to weaken plaintiff's ability to concentrate, bugged his telephone, and interfered with his sex life), *aff'd*, 969 F.2d 1042 (2d Cir. 1992) (table).

## CONCLUSION

For all those reasons, the complaint should be dismissed.

Dated:   New York, New York           Respectfully submitted,
         October 26, 2007
                                      MICHAEL J. GARCIA
                                      United States Attorney for the
                                      Southern District of New York
                                      Attorney for Defendant

         By:    /s/ Benjamin H. Torrance
                BENJAMIN H. TORRANCE
                Assistant United States Attorney
                Telephone: 212.637.2703
                Fax: 212.637.2702
                E-mail: benjamin.torrance@usdoj.gov