# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

DR. JUDY WOOD on behalf              §
of the UNITED STATES OF AMERICA      §
                                     §
                    Plaintiff,       §
                                     §
vs.                                  §
                                     §
APPLIED RESEARCH ASSOCIATES,         §
INC.; SCIENCE APPLICATIONS           §          Case No. 07CV3314 (GBD)
INTERNATIONAL CORP.;                 §
BOEING, NuSTATS; COMPUTER            §
AIDED ENGINEERING ASSOCIATES,        §
INC.; DATASOURCE, INC.;              §
GEOSTAATS, INC.; GILSANZ             §
MURRAY STEFICEK LLP; HUGHES          §     **MEMORANDUM IN SUPPORT OF**
ASSOCIATES, INC.; AJMAL ABBASI;      § **APPLIED RESEARCH ASSOCIATES, INC.'S**
EDUARDO KAUSEL; DAVID PARKS;         § **MOTION FOR SANCTIONS PURSUANT TO**
DAVID SHARP; DANIELE VENEZANO;       §     **FED. R. CIV. P. 11 AND § 3730(d)(4)**
JOSEF VAN DYCK; KASPAR WILLIAM;      §             **OF THE FCA**
ROLF JENSEN & ASSOCIATES, INC.;      §
ROSENWASSER/GROSSMAN                 §
CONSULTING ENGINEERS, P.C.;          §
SIMPSON GUMPERTZ & HEGER, INC.;      §
S. K. GHOSH ASSOCIATES, INC.;        §
SKIDMORE, OWINGS & MERRILL,          §
LLP; TENG & ASSOCIATES, INC.;        §
UNDERWRITERS LABORATORIES,           §
INC.; WISS, JANNEY, ELSTNER          §
ASSOCIATES, INC.; AMERICAN           §
AIRLINES; SILVERSTEIN PROPERTIES;    §
and UNITED AIRLINES,                 §
                                     §
                    Defendants.      §

## TABLE OF CONTENTS

**Page**

**Table of Authorities** ....................................................................................................................ii

**I.     Introduction**............................................................................................................................1

**II.    Legal Standards** .....................................................................................................................2

        A.     Standard For Sanctions Under Rule 11 ....................................................................2

        B.     Standard for Sanctions Under Section 3730(d)(4) of the FCA .................................4

**III.   Attorney's Fees Should be Awarded to Defendants Because Relator's Claims are
Not Supported by Existing Law**........................................................................................5

        A.     Relator's Complaint is Frivolous Because it Was Statutorily Precluded by the
Public Disclosure Bar .............................................................................................6

        B.     Relator's Claims are Vexatious Because Relator's Allegation That Defendants
Conspired With the Government Fails to State a Valid Claim Under the FCA ........7

**IV.    Attorney's Fees Should Be Awarded to Defendants Because Relator and Her
Counsel Filed this Complaint for Improper Purposes** .....................................................9

**V.     Conclusion** ...........................................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>Cases</u>

*Rockwell Intern. Corp. v. United States*, 127 S.Ct. 1397 (2007) ........................................................1

*In re Pennie & Edmonds LLP*, 323 F.3d 86 (2d Cir. 2003) ...............................................................2

*Safe-Strap Co., Inc. v. Koala Corp.*, 270 F.Supp.2d 407 (S.D.N.Y. 2003) ......................................2

*Healey v. Chelsea Resources, Ltd.*, 947 F.2d 611 (2d Cir. 1991) ......................................................3

*Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F.Supp.2d 569 (S.D.N.Y. 2004)...................3, 7

*O'Malley v. New York City Transit Authority*, 896 F.2d 704 (2d Cir. 1990) ....................................3

*Abdelhamid v. Altria Group, Inc.*, 515 F.Supp.2d 384 (S.D.N.Y. 2007).........................................3

*Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378 (6th Cir. 1997)..............................................3

*Galonsky v. Williams*, 1997 WL 759445 (S.D.N.Y. 1997).............................................3, 4, 10, 11

*Baker v. Urban Outfitters, Inc*, 431 F.Supp.2d 351 (S.D.N.Y. 2006) ...............................3, 4, 11

*United States ex rel. Mikes v. Straus*, 98 F.Supp.2d 517 (S.D.N.Y. 2000).........................4, 5, 8, 10

*United States ex rel. J. Cooper & Assocs. v. Bernard Hodes Group, Inc.*, 422 F.Supp.2d 225 (D.D.C. 2000) .....................................................................................................................4, 5, 8

*Mikes v. Straus*, 274 F.3d 687 (2d Cir. 2001) ..................................................................................5

*United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 2007 WL 4233471, Civil Action No. 94-7316 (E.D.Pa. 2007)..................................................................................................................5, 10

*United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148 (2d Cir. 1993) ...................................................................................................................................................6, 7

*United States ex rel. Alcohol Found., Inc. v. Kalmanovitz Charitable Found., Inc.*, 186 F.Supp.2d 458 (S.D.N.Y. 2002) .....................................................................................................................6

*United States ex rel. Fullington v. Parkway Hosp., Inc.*, 351 B.R. 280 (E.D.N.Y. 2006) ...............7

*Daly v. Dept. of Energy*, 741 F.Supp. 202 (D.Colo. 1990).............................................................7

*United States ex rel. v. Fiske*, 968 F.Supp. 1347 (E.D.Ark. 1997)..................................................7

*United States ex rel. Herbert v. Nat'l Academy of Sciences*, 1992 WL 247587, Civil Action No. 90-2568 (D.D.C. 1992) ............................................................................................................8

*United States ex rel. Dr. Morgan Reynolds v. SAIC, Inc.*, et al., No. 07-CV-4612(GBD) (S.D.N.Y. filed May 31, 2007) ......................................................................................................9

*Edward F. Haas v. Secretary*, No. 07-CIV-3623(VM) (S.D.N.Y. filed May 10, 2007) ..................9

*United States ex rel. Minna Ree Winer Children's Class Trust v. Regions Bank of La.*, 1996 WL 264981, Civil Action No. 94-4085 (E.D.La. 1996) .........................................................10

## Statutes

False Claims Act, 31 U.S.C. § 3730(d)(4) ....................................................................................4

False Claims Act, 31 U.S.C. § 3730(e)(4) ....................................................................................6

## Federal Rules of Civil Procedure

Fed. R. Civ. P. 11(b)(2) ................................................................................................................2

Fed. R. Civ. P. 11(c) .....................................................................................................................3

Fed. R. Civ. P. 11(c)(2); Advisory Committee Notes (1993 Amendment) .....................................3

Fed. R. Civ. P. 11(c)(2)(A) ...........................................................................................................3

## Pleadings

Relator's Amended Complaint (Docket #8) ...........................................................................1, 6, 8

Court's Order of September 12, 2007 (Docket #3) .......................................................................1

ARA's Motion to Dismiss (Docket #13) .......................................................................................1

ARA's Memorandum in Support of Motion to Dismiss (Docket #14) ..........................................6, 7

## Other

S. Rep No. 99-345 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 1986 WL 31937 ......................4

Scholars for 9/11 Truth, Member Lists, available at http://twilightpines.com/index.php? option=com_content&task=view&id=37&Itemid=35 ...................................................................10

Scholars for 9/11 Truth – Who Are We?, available at http://twilightpines.com//index.php?
option=com_content&task=view&id=36&Itemid=35..................................................................10

Relator's webpage, http://www.drjudywood.com ..........................................................................10

Relator's webpage, link to Complaint, availabe at http://drjudywood.com/articles/NIST/Qui_
Tam_Wood.html .............................................................................................................................10

Pursuant to Fed. R. Civ. P. 11(c)(1)(A) Applied Research Associates, Inc. ("ARA" or "Defendants") certify this Motion for Sanctions ("Motion") was served upon Dr. Judy Wood ("Relator") through her counsel at least 21 days before this Motion was filed.

## I.    **Introduction**

This litigation represents a flagrant abuse of the judicial process and warrants the imposition of sanctions against Relator and her counsel as provided by law. On April 25, 2007, Relator filed this action under seal pursuant to the *qui tam*[1] provisions of the False Claims Act, 31 U.S.C. §§ 3729-3731 ("FCA"). In essence, Relator's Complaint alleges that the events of September 11 were a hoax and that lasers orbiting in space, rather than aircraft collisions, caused the collapse of the World Trade Center 1 and World Trade Center 2 buildings ("WTC 1" and "WTC 2," together "WTC Towers"). Relator apparently alleges that the Defendants are liable to the Government under the FCA for manipulating the NIST investigation and contributing to the alleged falsity of NIST's final report on the collapse of the WTC Towers, NCSTAR 1. Relator's Amended Complaint contains three claims for relief alleging violations of §§ 3729(a)(1), (2), and (7) of the FCA. Compl., pp. 30-32 (Docket #8). The United States investigated Relator's allegations for two months and, on June 22, 2007, declined to intervene. On September 12, 2007, the Court ordered that Relator's Complaint be unsealed and served upon Defendants. (Docket #3). On January 22, 2008, Defendants filed a Motion to Dismiss this case in its entirety because this Court lacks subject matter jurisdiction to hear Relator's claims, Relator's Complaint fails to state a claim upon which relief can be granted and Relator failed to plead fraud with sufficient particularity. (Docket #13).

---

[1]    "*Qui tam* is short for '*qui tam pro domino rege quam pro se ipso in hac parte sequitur*,' which means 'who pursues this action on our Lord the King's behalf as well as his own.'" *Rockwell Intern. Corp. v. United States*, 127 S.Ct. 1397, 1403 (2007).

Relator's Complaint epitomizes the type of frivolous filing that Rule 11 is intended to deter.  Aside from the preposterous and offensive nature of Relator's allegations, Relator's claims are factually and legally deficient in the extreme.  It is beyond doubt that Relator's claims are precluded by the public disclosure bar of the FCA and fail to state a valid claim under the FCA.  Moreover, Relator's Complaint is intended only to harass Defendants and to promote the September 11 conspiracy theories espoused by Relator and her counsel.  Furthermore, once this Court rules on Defendants' Motion to Dismiss, Defendants, as the prevailing party, will be entitled to attorney's fees and costs under § 3730(d)(4) of the FCA. Because Relator's abusive misuse of the FCA has forced Defendants to incur significant expense, this Court should award Defendants attorney's fees and costs under both Rule 11 and § 3730(d)(4).

## II.    Legal Standards

### A.    Standard For Sanctions Under Rule 11

Pursuant to Rule 11(b)(2), an attorney signing a pleading certifies that "to the best of his knowledge, information, and belief formed after an inquiry reasonable under the circumstances:"

> . . . the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . .

Fed. R. Civ. P. 11(b)(2).

In determining whether a claim is frivolous for purposes of Rule 11, a court must apply an objective standard of reasonableness. *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003).  Thus, Rule 11(b)(2) is violated if a reasonable attorney would have concluded that the claims asserted were not warranted by existing law or a nonfrivolous argument for the extension, modification or reversal of existing law, or the establishment of new law. *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F.Supp.2d 407, 411-12 (S.D.N.Y. 2003).  When it is "patently clear that a

claim has absolutely no chance of success," sanctions are warranted. *Healey v. Chelsea Resources, Ltd.*, 947 F.2d 611, 626 (2d Cir. 1991).

To avoid liability under Rule 11(b)(2), counsel is required to conduct a modicum of legal research before bringing a lawsuit. *Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F.Supp.2d 569, 577 (S.D.N.Y. 2004). Failure to do so justifies an award of sanctions. *Id.* Regardless of whether such research was, in fact, conducted, if it is clear that the action was destined to fail based on existing precedents, and the plaintiff has offered no reasonable argument to change or extend the present law, Rule 11 sanctions are warranted. *O'Malley v. New York City Transit Authority*, 896 F.2d 704, 706 (2d Cir. 1990).

Upon a determination that Rule 11(b) was violated, the court may impose sanctions upon the attorneys, law firms or parties responsible for the violation. Fed. R. Civ. P. 11(c).[2] Among the sanctions that the court may impose are: a fine or penalty paid to the court, an award of reasonable expenses and attorney's fees incurred as a result of the misconduct or dismissal of the action. *Abdelhamid v. Altria Group, Inc.*, 515 F.Supp.2d 384, 392 (S.D.N.Y. 2007). Rule 11 explicitly authorizes payment of attorneys' fees directly to the moving party, and such award is particularly appropriate when, as here, the sanctionable filing was interposed for improper purposes. *See* Fed. R. Civ. P. 11(c)(2); Advisory Committee Notes (1993 Amendment); *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 386 (6th Cir. 1997) ("a direct payout to the injured party is particularly appropriate for Rule 11(b)(1) violations involving improper motivations").

Courts routinely infer an improper purpose when claims are egregiously meritless. *Galonsky v. Williams*, 1997 WL 759445, *5 (S.D.N.Y. 1997); *Baker v. Urban Outfitters, Inc*,

---

[2]    "Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2)." Fed. R. Civ. P. 11(c)(2)(A).

431 F.Supp.2d 351, 358 (S.D.N.Y. 2006). ("[Plaintiff's] bad faith motivation also may be inferred from false allegations in the complaint").    Moreover, frivolous complaints that are intended to garner publicity or promote an agenda are improper and subject the attorneys and/or parties responsible to sanctions.    *See Galonsky*, 1997 WL 759445, *6 (Rule 11 sanctions appropriate when plaintiff distributed amended complaint at a press conference as part of a public relations campaign intended to embarrass defendants and coerce a settlement); *Baker*, 431 F.Supp.2d at 351 (complaint was improper and attorney's fees appropriate under Copyright Act because lawsuit was intended to garner publicity for the plaintiff's agent and lawyer).    As demonstrated below, each of the claims asserted against Defendants violates Rule 11(b), and justifies the imposition of sanctions.

### B.    Standard for Sanctions Under Section 3730(d)(4) of the FCA

Section 3730(d)(4) of the FCA provides:

> If the government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was <u>clearly frivolous</u>, <u>clearly vexatious</u>, or <u>brought primarily for the purposes of harassment</u>.

(emphasis added).    Congress added § 3730(d)(4) to the FCA "to create a strong disincentive and send a clear message to those who might consider using the private enforcement provision of this Act for illegitimate purposes." S. Rep No. 99-345 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 1986 WL 31937.    The decision to award fees under § 3730(d)(4) is "purely discretionary with the Court." *United States ex rel. Mikes v. Straus*, 98 F.Supp.2d 517, 526 (S.D.N.Y. 2000).    The standard for sanctions under § 3730(d)(4) is similar to the standard applied under Rule 11, and courts applying § 3730(d)(4) frequently look to cases applying Rule 11 for guidance. *Mikes*, 98 F.Supp.2d at 527; *United States ex rel. J. Cooper & Assocs. v. Bernard Hodes Group, Inc.*, 422

F.Supp.2d 225, 238 n.17 (D.D.C. 2000). As with Rule 11, courts apply an objective standard under § 3730(d)(4), and a relator's subjective intent is irrelevant. *Mikes v. Straus*, 274 F.3d 687, 705 (2d Cir. 2001). Thus, sanctions are appropriate if "viewed objectively, [a claim] may be said to have no reasonable chance of success, and present no valid argument to modify present law." *Id.*

A finding that an FCA suit falls into any one of the three categories described in § 3730(d)(4) is a sufficient basis for an award of sanctions. *Mikes*, 274 F.3d at 704-705. A claim is clearly frivolous under § 3730(d)(4) if it is "utterly lacking in legal merit and evidentiary support." *J. Cooper & Assocs.*, 422 F.Supp.2d at 238 (citing *Mikes*, 98 F.Supp.2d at 526-27). "Vexatious and harassing claims are those instituted maliciously or without good cause." *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 2007 WL 4233471, Civil Action No. 94-7316, *9 (E.D.Pa. 2007). Significantly for the instant case, courts have held that an FCA claim is vexatious "where the government's undisputed prior knowledge of information alleged to constitute fraud defeated any inference of a false claim." *Mikes*, 98 F.Supp.2d at 527 (citations omitted); *J. Cooper & Assocs.*, 422 F.Supp.2d at 239 ("A claim is frivolous and vexatious if the government's awareness of the circumstances constituting the alleged transgression makes any legal claim of fraud untenable"). Because Relator's claims are clearly frivolous, vexatious <u>and</u> intended to harass Defendants, attorney's fees should be assessed against Relator and/or her counsel.

## III. Attorney's Fees Should be Awarded to Defendants Because Relator's Claims are Not Supported by Existing Law

A reasonable attorney should have concluded that Relator's FCA claims are not supported by existing law and have no reasonable chance of success. First, the "public disclosure" rule, codified at § 3730(e)(4)(A), expressly deprives the Court of subject matter

jurisdiction over Relator's claims. *See* ARA's Mem. in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 9(b) (Docket #14). Furthermore, Relator's assertion that NIST conspired with the Defendants to falsify NCSTAR 1 is inconsistent with Relator's allegation that Defendants defrauded the Government and, therefore, fails to state a claim under the FCA. Because basic legal research would have revealed to Relator's counsel that subject matter jurisdiction does not exist and Relator's Complaint fails to state a valid claim, sanctions should be imposed.

**A.      Relator's Complaint is Frivolous Because it Was Statutorily Precluded by the Public Disclosure Bar**

Relator's claims are frivolous because they are based on publicly disclosed information and, therefore, precluded by the public disclosure bar.[3] The FCA prohibits relators from filing parasitic lawsuits based on information in the public domain unless the relator is an original source of the allegations contained in the complaint. § 3730(e)(4); *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1157 (2d Cir. 1993). Relator's Complaint falls well short of alleging the type of "inside" knowledge that would entitle her to maintain this suit on behalf of the Government. *See United States ex rel. Alcohol Found., Inc. v. Kalmanovitz Charitable Found., Inc.*, 186 F.Supp.2d 458 (S.D.N.Y. 2002). Indeed, Relator readily admits that her allegations are based entirely on information publicly available on "NIST's website." Compl., Ex. A, RFC from Dr. Judy Wood to NIST, p. 4. Moreover, Relator does not allege that she has any direct or independent knowledge of the allegations in her complaint such that she would qualify as an original source under the FCA.

---

[3]      The public disclosure bar is discussed in depth in ARA's Mem. in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 9(b), § II(b).

The public disclosure bar is clear from the text of the FCA. "There can be no excuse for filing claims that are statutorily barred." *Galasso*, 310 F.Supp.2d at 577. Under Rule 11, Relator's counsel was required to conduct a reasonable inquiry to ensure that the claims asserted in Relator's Complaint were "both well-grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Id.* Here, Relator's counsel has not argued for any change to existing law; he merely ignored controlling statutory law and precedent in this Circuit that unambiguously divests this court of jurisdiction over Relator's claims. Because an objectively reasonable attorney would have concluded that any claim by Relator that subject matter jurisdiction exists is frivolous, Relator's counsel should be required to pay Defendants attorney's fees and costs incurred in defense of Relator's claims.

**B.    Relator's Claims are Vexatious Because Relator's Allegation That Defendants Conspired With the Government Fails to State a Valid Claim Under the FCA**

The allegations contained in Relator's Complaint reflect a patent lack of understanding of the FCA. The FCA is intended to prevent fraud <u>against</u> the federal Government. *United States ex rel. Fullington v. Parkway Hosp., Inc.*, 351 B.R. 280, 288 (E.D.N.Y. 2006). Government agencies are not subject to liability under the FCA. *See, e.g. Daly v. Dept. of Energy*, 741 F.Supp. 202, 204 (D.Colo. 1990) (relator's FCA suit against the Department of Energy barred by doctrine of sovereign immunity). Moreover, Government knowledge of and/or complicity in allegedly fraudulent activities negates the falsity required to prove FCA liability.[4] *United States ex rel. v. Fiske*, 968 F.Supp. 1347 (E.D.Ark. 1997); *Kreindler*, 985 F.2d at 1157. Because the Government is the real party in interest in any FCA suit, any allegation of fraud lodged against a

---

[4]    Government complicity and its affect on the falsity requirement under the FCA is discussed in depth in ARA's Mem. In Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 9(b), § II(b).

Government agency in an FCA suit is tantamount to the Government suing itself and, therefore, cannot be sustained.

Yet, this is exactly what the Relator in this case has alleged. The fundamental allegations in Relator's Complaint are at least as much against NIST as they are against the Defendants. Relator alleges that NIST conspired with the Defendants to falsify NCSTAR 1. *See* Compl. ¶ 54 ("NIST … contributed to and/or facilitated the fraudulent scheme herein described and which has succeeded, thus far, in fraudulently presenting a false and misleading, fraudulent and illegal report on what caused the destruction on 9/11/01 of the WTC complex") (emphasis added). However, allegations of a Government-led conspiracy are not cognizable under the FCA. *Fiske*, 968 F.Supp. at 1352-53 (relator's "odd position … that the Department of Justice – a party which [the relator] has not sued – defrauded itself" failed to state a claim under the FCA).

More importantly, courts consistently have held that FCA claims are vexatious and, therefore, sanctionable, when "the government's undisputed prior knowledge of information alleged to constitute fraud defeated any inference of a false claim." *Mikes*, 98 F.Supp.2d at 527; *J. Cooper & Assoc.*, 422 F.Supp.2d at 239 ("A claim [under the FCA] is frivolous and vexatious if the government's awareness of the circumstances constituting the alleged transgression makes any legal claim of fraud untenable"); *United States ex rel. Herbert v. Nat'l Academy of Sciences*, 1992 WL 247587, Civil Action No. 90-2568, *8 (D.D.C. 1992) (court awarded defendant sanctions under both Rule 11 and § 3730(d)(4) due, in part, to clear evidence that the Government was aware of, and consented to, the allegedly fraudulent actions of the defendant). Thus, Relator's claims are vexatious and deserving of sanctions under both Rule 11 and § 3730(d)(4) because Relator's allegation that NIST was complicit in the alleged conspiracy negates the possibility of any liability of Defendants under the FCA.

IV.    **Attorney's Fees Should Be Awarded to Defendants Because Relator and Her Counsel Filed this Complaint for Improper Purposes**

In addition to being factually and legally baseless, Relator's Complaint is sanctionable because it was filed for the improper purposes of harassing Defendants and promoting the September 11 conspiracy theories espoused by both Relator and her counsel. The improper motivation behind Relator's Complaint is evident both from the preposterous nature of her claims and her promotion of this suit over the internet. Accordingly, Relator and her counsel should be sanctioned under both Rule 11 and § 3730(d)(4).

Relator, her counsel and others involved in the so called "9/11 Truth Movement" have apparently embarked on a campaign to harass all the parties in any way involved in NIST's Investigation into the collapse of the WTC Towers, including Defendants. In addition to the instant case, Relator's counsel has filed two additional lawsuits relating to NIST's investigation – *United States ex rel. Dr. Morgan Reynolds v. SAIC, Inc., et al.* No. 07-CV-4612(GBD) (S.D.N.Y. filed May 31, 2007) (the "Reynolds Suit")[5] and *Edward F. Haas v. Secretary*, No. 07-CIV-3623(VM) (S.D.N.Y. filed May 10, 2007) (the "Haas Suit")[6] – all three of which named

---

[5]    ARA is one of 27 defendants named in both Relator's Complaint and the Reynolds Suit.

[6]    The Haas Suit asserts that the NIST Investigation is fraudulent because it fails to consider the possibility that the WTC Towers collapsed as a result of controlled demolition, as opposed to aircraft impacts, *See* Affidavit of Wm. David Byassee in Support of Applied Research Associates, Inc.'s Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and § 3730(d)(4) of the FCA ("Affidavit"), ¶ 4, Ex. A, pp. 6-8, and seeks an injunction to prevent a "fraudulent and/or misleading outcome." *Id.*, p. 22. In the Haas Suit, Relator's counsel alleges that "ARA, upon information and belief, manufactures or causes to be manufactured, develops and/or tests DEW that are operational in Earth orbit, at high altitude, low altitude, at sea and on land ranging in lethality from the capacity to do great damage, such as that of destroying the World Trade Center Twin Towers in less than 10 seconds each, as occurred on 9/11/01, down to and including imposition of a disabling stun on human beings for crowd control and/or other psy ops purposes." *Id.*, pp. 12, 13. This allegation is repeated verbatim in Paragraph 23 of Relator's Complaint in this case.

ARA as a Defendant.[7]   In fact, Relator's counsel's recent litigation history alone warrants sanctions in this case.   "[P]ursuit of repetitious, unfounded litigation is a hallmark of vexatiousness and results in an award of attorney fees."  *Atkinson*, 2007 WL 4233471, Civil Action No. 94-7316, *9; *Mikes*, 98 F.Supp.2d at 527; *United States ex rel. Minna Ree Winer Children's Class Trust v. Regions Bank of La.*, 1996 WL 264981, Civil Action No. 94-4085, *8 (E.D.La. 1996) (three consecutive lawsuits involving the same defendants and subject matter "is indicative of the ultimate goal – to vex and harass the defendants").

Furthermore, Relator's Complaint is a transparent attempt to promote Relator's September 11 conspiracy theories.  Notably, Relator, her attorney and Dr. Morgan Reynolds are all members of the group "Scholars for 9/11 Truth."  Affidavit, ¶ 5, Ex. B, Scholars for 9/11 Truth, Member Lists.[8]  Scholars for 9/11 Truth promotes the theory that "the government not only permitted 9/11 to occur but may even have orchestrated these events to facilitate its political agenda," and "encourages its members to vigorously express their concerns on this score through lectures, conferences, symposia, articles, and books <u>as well as other access routes that publicize their findings</u>." Affidavit, ¶ 6, Ex. C, Scholars for 9/11 Truth – Who Are We?.[9]  Accordingly, Relator maintains a website (http://www.drjudywood.com) on which she publishes and disseminates information regarding her September 11 conspiracy theories.  Relator's website includes a section dedicated to her *qui tam* suit, including a link to her Complaint.  *See* http://drjudywood.com/articles/NIST/Qui_Tam_Wood.html.  While Relator's dissemination of information regarding this case is not itself punishable, the actions of Relator and her counsel,

---

[7]    Relator has since agreed to dismiss ARA from the Haas suit.
[8]    Available at http://twilightpines.com/index.php?option=com_content&task=view&id=37&Itemid=35.
[9]    Available at http://twilightpines.com//index.php?option=com_content&task=view&id=36&Itemid=35.

coupled with the improper allegations in her Complaint, support a finding that they are more interested in spreading propaganda than seeking justice. *See Galonsky*, 1997 WL 759445, *6.

Relator's improper motivation for filing this suit warrants sanctions. This Court recently held that sanctions were warranted under the Copyright Act where the plaintiff filed a lawsuit merely intended to garner publicity for the plaintiff's agent and his attorney. *Baker*, 431 F.Supp.2d at 358. Similarly, this Court awarded a defendant attorney's fees under Rule 11 after finding that the plaintiff filed "baseless claims as part of a public relations campaign in order to embarrass the defendants and thereby coerce settlement." *Golonsky*, 1997 WL 759445, *6. Here, Relator is not seeking to redress any fraud upon the Government; Relator is merely using the FCA as a mechanism to harass Defendants and to gain a public forum to spread her propaganda. Relator and her attorney filed this suit as part of a systematic campaign to harass Defendants and promote their conspiracy theories and, therefore, they should be required to pay Defendants' attorney's fees incurred in defending this action.

## V.    Conclusion

Relator's claims are utterly lacking legal merit or evidentiary support and, therefore, have no chance of success. An objectively reasonable attorney would have concluded that Relator's claims were frivolous and had no chance of success under existing law. Moreover, the egregious lack of merit in Relator's Complaint confirms that Relator and her attorney initiated this suit for improper purposes, seeking to harass ARA and promote Relator's conspiracy theories, rather than pursue the resolution of a legitimate dispute. This abusive use of the judicial system by Relator and her counsel has needlessly consumed court resources and imposed substantial expense on ARA. ARA, a company that is far from qualifying as "big business," is suffering and has had a severe economic burden imposed on it so the Relator and her attorney can advance

their personal and meritless agenda.  Thus, for the foregoing reasons, Defendants request the

court impose sanctions in the form of attorney's fees against Relator and her attorney under both

Fed. R. Civ. P. 11 and § 3730(d)(4) of the FCA.


Dated: January 23, 2008
       Denver, Colorado


                                Respectfully submitted,

                                s/ Wm. David Byassee
                                Adam S. Ennis
                                SDNY Bar No.  AE9468
                                Jackson Kelly PLLC
                                Three Gateway Center, Suite 1340
                                Pittsburgh, PA 15222
                                Telephone:    412-434-8804
                                Facsimile:    412-434-8062
                                Email:          aennis@jacksonkelly.com

                                Wm. David Byassee, Esq.
                                (admitted *pro hac vice*)
                                Jackson Kelly PLLC
                                1099 18th Street, Suite 2150
                                Denver, Colorado 80202
                                Telephone:    303-390-0003
                                Facsimile:    303-390-0177
                                Email:          dbyassee@jacksonkelly.com

                                *Counsel for Applied Research Associates, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of January 2008, I served the foregoing **MEMORANDUM IN SUPPORT OF APPLIED RESEARCH ASSOCIATES, INC.'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND § 3730(d)(4) OF THE FCA** via overnight Federal Express on:

> Jerry V. Leaphart, Esq.
> 8 West Street, Suite 203
> Danbury, CT  06810
> *Counsel for Relator*

s/ Wm. David Byassee
Adam S. Ennis
SDNY Bar No.  AE9468
Jackson Kelly PLLC
Three Gateway Center, Suite 1340
Pittsburgh, PA 15222
Telephone:    412-434-8804
Facsimile:    412-434-8062
Email:        aennis@jacksonkelly.com

Wm. David Byassee, Esq.
(admitted *pro hac vice*)
Jackson Kelly PLLC
1099 18th Street, Suite 2150
Denver, Colorado 80202
Telephone:    303-390-0003
Facsimile:    303-390-0177
Email:        dbyassee@jacksonkelly.com

*Counsel for Applied Research Associates, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of February 2008, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF APPLIED RESEARCH ASSOCIATES, INC.'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND § 3730(d)(4) OF THE FCA** with the Clerk of Court using the CM/ECF system which will send notification of filing to the following e-mail addresses:

Jerry V. Leaphart
jsleaphart@cs.com
*Counsel for Relator*

Chad Everette Sjoquist
csjoquist@zdlaw.com
*Counsel for Skidmore, Owings & Merrill, LLP*

Philip C. Semprevivo
psemprevivo@bhmr.com
*Counsel for Underwriters Laboratories, Inc.*

Philip Touitou
ptouitou@hinshawlaw.com
*Counsel for Wiss, Janney, Elstner Associates, Inc. and Rolf Jensen Associates, Inc.*

And I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants by U.S. Mail, first class, postage prepaid and addressed to the following:

None.

s/ **Wm. David Byassee**
Adam S. Ennis
SDNY Bar No.  AE9468
Jackson Kelly PLLC
Three Gateway Center, Suite 1340
Pittsburgh, PA 15222
Telephone:    412-434-8804
Facsimile:    412-434-8062
Email:        aennis@jacksonkelly.com

Wm. David Byassee, Esq.
(admitted *pro hac vice*)
Gail D. Zirkelbach, Esq.
(admitted *pro hac vice*)

Jackson Kelly PLLC
1099 18th Street, Suite 2150
Denver, Colorado 80202
Telephone:     303-390-0003
Facsimile:     303-390-0177
Email:          dbyassee@jacksonkelly.com
                gdzirkelbach@jacksonkelly.com

*Counsel for Applied Research Associates, Inc.*