

**UNITED STATES DEPARTMENT OF COMMERCE**
**National Institute of Standards and Technology**
Gaithersburg, Maryland 20899-
OFFICE OF THE DIRECTOR

JAN 1 0 2008

Dr. Judy Wood
202 Mulberry Avenue
Clemson, SC 29631

Dear Dr. Wood:

This letter is in response to your August 22, 2007 appeal (with replacement pages submitted on August 23, 2007) submitted under the National Institute of Standards and Technology (NIST) Guidelines, Information Quality Standards, and Administrative Mechanism. Your appeal requests the reconsideration of NIST's July 27, 2007 denial of your March 16, 2007 request for correction (RFC) and March 29, 2007 and April 20, 2007 supplements, which challenged the premises and "probable collapse sequence" proposed by NIST in NCSTAR 1, asserting that "the World Trade Center towers were felled by use of Directed Energy Weaponry" and that Applied Research Associates (ARA) had a conflict of interest in performing work for the NIST World Trade Center (WTC) Investigation because ARA is a "significant manufacturer of directed energy weapons and/or components thereof." Your appeal reiterates the original claims of your RFC and supplements, adding additional images of the WTC disaster, during and post-collapse and site clean-up as well as unrelated images.

In preparing a response to your appeal, NIST staff who did not participate in the NIST World Trade Center Investigation and who did not participate in the preparation of the NIST response to your initial RFC reviewed your appeal and the history of your RFC. This review included reconsideration of your original RFC and supplements, the original NIST response, the appeal itself and referenced WTC Investigation documents to determine whether NIST's response to your initial RFC fully and appropriately addressed the issues raised in your RFC.

The conclusions of that review are as follows:

- NIST established that the WTC tower failures initiated in the floors affected by the aircraft impact damage and the ensuing fires resulted in the collapses of the towers as detailed in NCSTAR 1 and associated technical documents. In response to issues you raised concerning energy and momentum, the initial NIST response pointed out that "The NIST analysis satisfied both the momentum and energy conservation principles and, in fact, appropriately accounted for the energy absorbed through inelastic ductile behavior of components and fractures, failures, and buckling of components." It also noted the verification of NIST analysis through the use of extensive photographic and video evidence.

  Based on the reconsideration and relevant information described above, I find that the NIST WTC Investigation reports need no correction on this issue.



- Regarding your assertion that ARA is a significant manufacturer of directed energy weapons and/or components thereof, NIST's original response noted that "each NIST WTC Investigation Contractor underwent a rigorous organizational conflict of interest analysis." ARA was not requested to provide evidence or hypotheses as to what caused the collapses of the WTC towers. The reported findings and conclusions in the NCSTAR reports are NIST's alone; indeed, the contract for ARA working in support of the investigation explicitly states that "Deliverables shall not include findings, conclusions, and recommendations." (Contract SB1341-03-Z-0022). Because the performance work statement of the contract did not provide an opportunity for ARA to advise NIST on the cause of the failure of the WTC buildings, any expertise in demolitions was not, and is not, relevant.

    Based on the reconsideration and relevant information described above, I find that the NIST WTC Investigation reports need no correction on this issue.

Based on the results of the review, I have determined that the NIST WTC Investigation as described in NCSTAR 1 and the supporting reports was thorough and based on all available evidence and that the original NIST response to your RFC was appropriate. Therefore, NCSTAR 1 will not be retracted or otherwise modified based on this appeal. Thank you for your comments and concern.

Sincerely,

Richard F. Kayser
Acting Deputy Director