UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| DR. JUDY WOOD on behalf of the<br>UNITED STATES OF AMERICA,<br><br>       Plaintiff / Relator,<br><br>  - against -<br><br>APPLIED RESEARCH ASSOCIATES, INC.;<br>SCIENCE APPLICATIONS INTERNATIONAL<br>CORP.; BOEING; NuSTATS; COMPUTER<br>AIDED ENGINEERING ASSOCIATES, INC.;<br>DATASOURCE, INC.; GEOSTAATS, INC.;<br>GILSANZ MURRAY STEFICEK LLP;<br>HUGHES ASSOCIATES, INC.; AJMAL<br>ARBASI; EDUARDO KAUSEL; DAVID<br>PARKS; DAVID SHARP; DANIELE<br>VENEZANO; JOSEF VAN DYCK; KASPAR<br>WILLIAM; ROLF JENSEN & ASSOCIATES,<br>INC.; ROSENWASSER/GROSSMAN<br>CONSULTING ENGINEERS, P.C.; SIMPSON<br>GUMPERTZ & HEGER, INC.; S.K. GHOSH<br>ASSOCIATES, INC.; SKIDMORE, OWINGS &<br>MERRILL, LLP; TENG & ASSOCIATES, INC.;<br>UNDERWRITERS LABORATORIES, INC.;<br>WILL, JANNEY, ELSTNER ASSOCIATES,<br>INC.; AMERICAN AIRLINES; SILVERSTEIN<br>PROPERTIES; and UNITED AIRLINES,<br><br>       Defendants. | **Index No.:**<br>**07-CV-3314 (GBD)**<br><br><br>**DECLARATION OF JASON**<br>**HARRINGTON IN SUPPORT OF**<br>**MOTION TO DISMISS ON**<br>**BEHALF OF GILSANZ**<br>**MURRAY STEFICEK LLP** |

------------------------------------------------------------X

   JASON HARRINGTON, an attorney duly admitted to practice law before the Courts of the State of New York and the Southern District of New York, declares pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the following statements are true and accurate:

   1.  I am associated with the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for defendant GILSANZ MURRAY STEFICEK LLP ("Gilsanz"), and based upon my analysis of our file in this matter I am familiar with the facts set forth herein.

3137195.1

2. I respectfully submit this declaration in support of Gilsanz's pre-answer motion to dismiss the Complaint of Plaintiff/Relator Dr. Judy Wood ("Wood"), pursuant to Fed. R. Civ. P. 9(b), 12(b)(1), 12(b)(6) and 12(h)(3), by joining, adopting and incorporating the motion to dismiss, and relying upon the memorandum of law and supporting facts, submitted by co-defendants Simpson Gumpertz & Heger, Inc. ("SGH") and Computer Aided Engineering Associates, Inc. ("CAE"), filed with this Court on February 28, 2008, and docketed as item numbers 52-54 under this Court's CM/ECF docket.

3. Gilsanz is a limited liability partnership organized and existing under the laws of the State of New York, with its principal place of business located at 129 West 27th Street, 5th Floor, New York, New York 10001. Gilsanz engages in the practice of providing professional engineering design and consulting services.

4. On December 28, 2007, this action was commenced, under the False Claims Act, 31 U.S.C. §§ 3729-33, against Defendants. Wood's Complaint alleges three causes of action against all Defendants: (1) False Claims Act, 31 U.S.C. § 3729(a)(1) (Presentation of False Claims); (2) False Claims Act, 31 U.S.C. § 3729(a)(2) (Making or Using False Record or Statement); (3) False Claims Act, 31 U.S.C. § 3729(a)(7) (Reverse False Claims).

5. Defendants have responded, including Gilsanz, by moving and/or joining, adopting and incorporating the motions of co-Defendants, to dismiss Wood's Complaint, pursuant to Fed. R. Civ. P. 9(b), 12(b)(1), 12(b)(6) and/or 12(h)(3).

3137195.1

6. On February 28, 2008, SGH and CAE submitted their motion to dismiss, and propounded that Wood's claims should be dismissed pursuant to: (i) Rules 12(b)(1) and (h)(3) for lack of subject matter jurisdiction under the False Claims Acts's Original Source Rule, 31 U.S.C. § 3730(e)(4)(A), as Wood provided no factual basis establishing that she meets the statutory requirement that she is the original source of the information forming the basis for his False Claims Act causes of action; (ii) Rule 12(b)(1) and (h)(3), because Wood's Complaint is based upon the same information that she provided to the National Institute of Standards and Technology ("NIST"), which denied her claim, and that NIST took full responsibility for the information upon which Wood's allegations are based; (iii) Rule 12(b)(6) because Wood failed to provide the requisite particularity to maintain a claim under the False Claims Act and the heightened pleading requirement of Rule 9(b), which applies to False Claims Act actions; and (iv) 15 U.S.C.S. § 281(a) again because NIST takes full responsibility for the report, NCSTAR1, upon which Wood's claims are based.

7. Gilsanz joins, adopts and incorporates SGH and CAE's motion on the same grounds as contained therein, and further submits that the Complaint lacks sufficient specificity attributable to Gilsanz, as required by Rule 9(b).

8. For the reasons set forth herein, and within the motion to dismiss of SGH and CAE, Gilsanz moves to dismiss Wood's Complaint, in its entirety and with prejudice, as against Gilsanz.

3137195.1

WHEREFORE, Gilsanz Murray Steficek, LLC respectfully requests that this Court grant its motion to dismiss, together with such other and further relief as this Court deems just and appropriate.

Dated: New York, New York
February 28, 2008

                    Yours etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ Jason Harrington
Jason Harrington (JH7273)
Attorneys for Defendant
Gilsanz Murray Steficek
150 East 42nd Street
New York, NY 10017
(212) 490-3000 (p)
(212) 490-3038 (f)

To:

JERRY V. LEAPHART & ASSOCIATES, P.C.
Attn: Jerry V. Leaphart, Esq.
Attorneys for Plaintiff/Relator
8 West Street, Suite 203
Danbury, CT 06810

and

All appearing parties via CM/ECF