# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

DR. JUDY WOOD on behalf §
of the UNITED STATES OF AMERICA §
§
              Plaintiff, §
§
vs. §
§
APPLIED RESEARCH ASSOCIATES, §
INC.; SCIENCE APPLICATIONS §        Case No. 07CV3314 (GBD)
INTERNATIONAL CORP.; §
BOEING, NuSTATS; COMPUTER §
AIDED ENGINEERING ASSOCIATES, §
INC.; DATASOURCE, INC.; §
GEOSTAATS, INC.; GILSANZ §
MURRAY STEFICEK LLP; HUGHES §  **APPLIED RESEARCH ASSOCIATES, INC.'S**
ASSOCIATES, INC.; AJMAL ABBASI; §  **REPLY TO RELATOR'S MEMORANDUM**
EDUARDO KAUSEL; DAVID PARKS; §    **OF LAW IN OPPOSITION TO**
DAVID SHARP; DANIELE VENEZANO; §  **DEFENDANTS' MOTIONS TO DISMISS**
JOSEF VAN DYCK; KASPAR WILLIAM; §
ROLF JENSEN & ASSOCIATES, INC.; §
ROSENWASSER/GROSSMAN §
CONSULTING ENGINEERS, P.C.; §
SIMPSON GUMPERTZ & HEGER, INC.; §
S. K. GHOSH ASSOCIATES, INC.; §
SKIDMORE, OWINGS & MERRILL, §
LLP; TENG & ASSOCIATES, INC.; §
UNDERWRITERS LABORATORIES, §
INC.; WISS, JANNEY, ELSTNER §
ASSOCIATES, INC.; AMERICAN §
AIRLINES; SILVERSTEIN PROPERTIES; §
and UNITED AIRLINES, §
§
             Defendants. §

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ii

I.     Introduction.............................................................................................................1

II.    Relator's Allegations Have Been Publicly Disclosed and Relator is Not an Original Source of the Allegations in Her Complaint.......................................................1

       A.    Relator's Allegations Have Been Publicly Disclosed .................................2

       B.    Relator Does Not Allege Any Direct or Independent Knowledge and, Therefore, is Not an Original Source..........................................................................5

III.    Relator's Complaint Fails to State a Claim Upon Which Relief Can Be Granted ........7

IV.    Relator's Complaint Also Must Be Dismissed For Failure to Plead Fraud With Particularity...........................................................................................................9

V.     Defendants Do Not Believe That Oral Argument is Necessary and Would Oppose The Introduction of Any Testimony Should the Court Deem Oral Arguments Necessary ............................................................................................................10

i

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*United States ex rel. Huangyan Import & Export Corp. v. Nature's Farm Prods., Inc.*, No. 00 Civ. 6593(SHS), 2004 WL 74310 (S.D.N.Y. Jan. 15, 2004).........................................................2

*United States ex rel. Lissack v. Sakura Global Capital Markets, Inc.*, No. 95 Civ. 1363(BSJ), 2003 WL 21998968 (S.D.N.Y. Aug. 21, 2003).................................................................................2

*United States ex rel. Dunleavy v. County of Delaware*, 123 F.3d 734 (3d Cir. 1997)....................2

*United States ex rel. Springfield Terminal Ry. Co. v. Quinn*, 14 F.3d 645 (D.C.Cir. 1994) ..........2

*United States ex rel. Aflatooni v. Kitsap Physicians Servs.*, 163 F.3d 516 (9th Cir. 1999)..............
...........................................................................................................................................3, 5, 6

*United States ex rel. Winslow v. Pepsico, Inc.*, 2007 WL 1584197 (S.D.N.Y. 2007) ................3, 4

*United States ex rel, Smith v. Yale University*, 415 F.Supp.2d 58 (D.Conn. 2006)........................5

*United States ex rel. Alcohol Found., Inc. v. Kalmanovitz Charitable Found., Inc.,* 186 F.Supp.2d 458 (S.D.N.Y. 2002) ......................................................................................................................5

*Rockwell Int'l Corp. v. United States*, 127 S.Ct. 1397 (2007) ........................................................6

*United States ex rel. Mikes v. Straus*, 98 F.Supp.2d 517 (S.D.N.Y. 2000)....................................7

*United States v. Fiske*, 968 F.Supp. 1347 (E.D.Ark. 1997) ............................................................7

*United States ex rel. Capella v. Norden Systems, Inc.*, No. 3:94-CV-2063(EBB), 2000 WL 1336487 (D.Conn. Aug. 24, 2004) .................................................................................................8

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) .................................................................8

*Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).....................................................................8

*United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F.Supp.2d 141 (D.Mass. 2000)................9

*United States ex rel. Smith v. New York Presbyterian Hosp.*, No. 06 Civ. 4056(NRB), 2007 WL 2142312 (S.D.N.Y. July 18, 2007) .................................................................................................9

*Greene v. WCI Holdings Corp.*, 136 F.3d 313 (2d Cir. 1998).......................................................10

*World Brilliance Corp. v. Bethlehem Steel Co.*, 342 F.2d 362 (2d Cir. 1965) ..............................10

{D0489151.1}

**Statutes**

False Claims Act ("FCA")  31 U.S.C. §§ 3729-3731 ....................................................................5

**Pleadings/Motions**

Applied Research Associates, Inc.'s Mem. in Supp. of Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 9(b) (Docket # 14) ...................................................................... 1, 2-3, 7

Relator's Mem. of Law in Opp'n. to Defs' Motions to Dismiss (Docket # 57) ................................
............................................................................................................................1, 2, 3, 5, 6, 7, 8, 9

Aff. of Wm. David Byassee In Supp. of Applied Research Associates, Inc.'s Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b), ¶ 4, Ex. A (Docket # 14-3) ....................3

Am. Compl., Ex. A (Docket # 8) ....................................................................................................3

Aff. of Wm. David Byassee In Supp. of Applied Research Associates, Inc.'s Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b), ¶ 6, Ex. C,  (Docket # 14-5) ..................3

Aff. of Wm. David Byassee In Supp. of Applied Research Associates, Inc.'s Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b), ¶ 7, Ex. D,  (Docket # 14-6) ..................3

{D0489151.1}

## I.    <u>Introduction</u>

Relator Dr. Judy Wood initiated this action on April 25, 2007 when she filed her Complaint pursuant to the *qui tam* provisions of the False Claims Act, §§ 3729-33 ("FCA"). Relator's Complaint asserts three Causes of Action against 27 defendants, including Applied Research Associates, Incorporated ("Defendants" or "ARA"). On January 23, 2008, ARA filed a Memorandum in support of its Motion to Dismiss this case in its entirety pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b), and for attorneys' fees under § 3730(d)(4) of the FCA. (Docket # 14) ("Defs.' Motion to Dismiss").

On February 29, 2008, Relator filed a 44 page Memorandum of Law in Opposition to Defendants' Motions to Dismiss (Docket # 57), which included over 367 pages of attached affidavits and exhibits. However, despite its length, Relator's Opposition fails to refute the legal arguments contained in Defendants' Motion to Dismiss which mandate dismissal of this action. Specifically, Relator's claims are precluded by the statutory public disclosure bar, Relator's Complaint fails to state a claim upon which relief can be granted, and Relator's Complaint fails to plead fraud with the particularity required by Rule 9(b). Because nothing in Relator's Opposition justifies ignoring the legal deficiencies of her Complaint, Relator's Complaint should be dismissed in its entirety.

## II.    <u>Relator's Allegations Have Been Publicly Disclosed and Relator is Not an Original Source of the Allegations in Her Complaint</u>

Every allegation in Relator's Complaint was taken from the public domain and contributes nothing to the widely disclosed allegations that the National Institute of Standards and Technology's ("NIST") final report on the September 11 tragedies, NCSTAR 1, is fraudulent and that aircraft collisions did not cause the collapse of the WTC Towers. As set forth in detail in ARA's Motion to Dismiss, pp. 5-16, because Relator's allegations have been publicly

1

disclosed and Relator is not an original source, this Court lacks subject matter jurisdiction pursuant to the public disclosure bar, § 3730(e)(4)(A), and Relator's Complaint must be dismissed.

### A.    Relator's Allegations Have Been Publicly Disclosed

Relator asserts that her claims are not barred under the FCA because the allegations contained in her Complaint have not been publicly disclosed.  Opp'n 18.  However, Relator's interpretation of the public disclosure bar misconstrues both the FCA and relevant case law.  A prior disclosure need not reveal a relator's exact allegations for the public disclosure bar to apply and preclude the relator's claims.  *See, e.g. United States ex rel. Huangyan Import & Export Corp. v. Nature's Farm Prods., Inc.*, No. 00 Civ. 6593(SHS), 2004 WL 74310, at *3 (S.D.N.Y. Jan. 15, 2004).  Rather, "a *qui tam* action is barred where there is enough information in the public domain to expose the fraud."  *Id.* (citations omitted).  The public disclosure bar applies if "'either the allegations of fraud or the elements of the underlying transaction' are publicly disclosed."  *United States ex rel. Lissack v. Sakura Global Capital Markets, Inc.*, 2003 WL 21998968, *10, No. 95 Civ. 1363(BSJ) (S.D.N.Y. Aug. 21, 2003) (citing *United States ex rel. Dunleavy v. County of Delaware*, 123 F.3d 734, 740 (3d Cir. 1997)).[1]  Thus, Relator's assertion that her "specific claims of fraud" were not publicly disclosed is legally irrelevant.

Relator summarizes her allegations as: "hav[ing] solely to do with fraud arising from the manner in which NCSTAR 1 was prepared and its willful ignorance of the actual cause; namely DEW."  Opp'n 20.  Yet, every essential element of this allegation was publicly disclosed prior to

---

[1]    Courts have applied an algebraic formula to determine whether the public disclosure bar applies.  "'[I]f $X + Y = Z$, Z represents the *allegation* of fraud and X and Y represent its essential elements.'"  *Lissack*, 2003 WL 21998968, * 10 (quoting *United States ex rel. Springfield Terminal Ry. Co. v. Quinn*, 14 F.3d 645, 654 (D.C.Cir. 1994).  The public disclosure bar applies and precludes a relator's claims if either Z or the combination of X and Y (i.e. the essential elements of the fraudulent transaction) are in the public domain.  *Id.*

the date Relator filed her Complaint.  *See* Defs.' Motion to Dismiss, 7-11.  Relator's core

allegation – that NCSTAR 1 is fraudulent – was indisputably publicly disclosed by Dr. Morgan

Reynolds' March 8, 2007 RFC, Dr. Wood's own March 16, 2007 RFC, and various news

stories.[2]  Furthermore, Relator's allegations are almost entirely based on information made

publicly available in NCSTAR 1.  Finally, Relator's allegation that DEW caused the collapse of

the WTC Towers was in the public domain prior to Relator's filing suit.  *See* Defs.' Motion to

Dismiss 10, Aff., ¶ 6, Ex. C (Docket # 14-5); Aff., ¶ 7, Ex. D (Docket # 14-6).  Thus, Relator's

assertion that the "allegations or transactions" contained in her Complaint were not publicly

disclosed is incorrect.

Furthermore, Relator's reliance on *United States ex rel. Winslow v. Pepsico, Inc.*, 05 Civ.

9274(CLB), 2007 WL 1584197 (S.D.N.Y. May 31, 2007) is misplaced.  Relator apparently

alleges that, under *Winslow*, the public disclosure bar does not apply unless a relator's "specific

claims of fraud" are in the public domain.  Opp'n 19.  However, Relator misconstrues the court's

holding in *Winslow*.  The court in *Winslow* held that the public disclosure bar did not apply on

---

[2]    *See* Aff. of Wm. David Byassee In Supp. of Applied Research Associates, Inc.'s Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b), ¶ 4, Ex. A, p. 6 (Docket # 14-3) (alleging that NCSTAR 1 was fraudulent because "NIST relied on obviously fraudulent data (e.g. faked videos)" depicting aircraft striking the WTC Towers); Compl., Ex. A, p. 43 (Docket # 8) (asserting NCSTAR 1 was "fraudulent, misleading, or deceptive" because it erroneously concluded that aircraft impacts, rather than DEWs, caused the collapse of the WTC Towers); *See* Aff. of Wm. David Byassee in Supp. of Applied Research Associates, Inc.'s Reply to Relator's Mem. of Law in Opp'n. to Defs.' Motions to Dismiss ("Byassee Aff.") (filed concurrently herewith), ¶ 4, Ex. A, Elaine Jarvik, *BYU Professor Thinks Bombs, Not Planes, Toppled WTC*, DESERET MORNING NEWS, Nov. 10, 2005, a*vailable at* http://www.deseretnews.com/article/content/mobile/0,5223,635160132,00.html ("Previous investigations, including … NIST['s], ignore the physics and chemistry of what happened on Sept. 11, 2001, to the Twin Towers. […]The official explanation – that fires caused structural damage that caused the buildings to collapse – can't be backed up by either testing or history"); *see also United States ex rel. Aflatooni v. Kitsap Physicians Servs.*, 163 F.3d 516 (9th Cir. 1999) (relator's claims were precluded where relator himself had disclosed his allegations to the news media prior to filing suit).

3

the facts of that case because the information in the public domain was insufficient to trigger the public disclosure bar. *Winslow,* WL 1584197 at *6. In *Winslow*, the relator filed an FCA action alleging that Pepsico fraudulently avoided paying import duties by improperly classifying soft drink concentrate imported from Ireland. *Id.* at *1. Prior to the date the relator filed his complaint, the United States Customs and Border Protection ("Customs") sent Pepsico a formal Request for Information requesting a sample of the imported concentrate as well as certain information relating to the concentrate. *Id.* at *6. However, the Request for Information contained no suggestion of impropriety on the part of Pepsico. *Id.* Pepsico asserted that Winslow's claims were barred because the Request for Information publicly disclosed Winslow's allegations of fraud. *Id.* at *5. However, the court held that the public disclosure bar did not apply because the Request for Information contained "no allegations or suggestions of fraud." *Id* at *6. "The mere request for a sample of the imported substance, without more, is not sufficient to inform anybody of a fraud being imposed on the United States." *Id.*

Unlike in *Winslow*, every element of the allegations contained in Relator's Complaint, including Relator's specific allegation of fraud, was in the public domain prior to the filing of Relator's Complaint. As Relator readily admits that her allegations consist of nothing more than a compilation of information gleaned from the public domain, it is illogical for her to argue now that there was insufficient information in the public domain prior to the filing of her Complaint to expose the fraud she alleges. Relator's allegations epitomize the type of parasitic action that the public disclosure bar is intended to prohibit; as the Department of Justice recently stated: "a relator who has no firsthand information about fraud and brings nothing new to the suit should

4

not be entitled to reap the rewards of a False Claims Act suit."[3]  Thus, because Relator has no firsthand knowledge and has contributed nothing to the Government's understanding of the NIST Investigation, Relator's Complaint must be dismissed.

**B.    Relator Does Not Allege Any Direct or Independent Knowledge and, Therefore, is Not an Original Source**

Relator's apparent assertion that the submission of her RFC entitles her to original source status, Opp'n 19, ignores the statutory language of the FCA, which requires a relator have "direct and independent knowledge of the information on which the allegations are based" to qualify as an original source.  § 3730(e)(4)(B).  Moreover, speculative allegations, such as those asserted in Relator's Complaint, are not sufficient to satisfy the direct and independent knowledge requirement.  *Aflatooni,* 163 F.3d at 526.  Accordingly, because Relator was in no way involved in the fraud she alleges and her allegations are based entirely on second-hand information, her Complaint must be dismissed.

Relator readily admits that the allegations contained in her RFC are based entirely on second-hand information she collected from the public domain.  *See United States ex rel., Smith v. Yale University*, 415 F.Supp.2d 58, 72 (D.Conn. 2006) ("Direct knowledge is that which comes from the relator himself and thus one cannot qualify as an 'original source' if a third party is the source of the *core information* upon which a qui tam complaint is based") (citations and quotations omitted).  Moreover, Relator's efforts to compile this publicly-available information do not transform her into an original source.  *United States ex rel. Alcohol Found., Inc. v. Kalmanovitz Charitable Found., Inc.,* 186 F.Supp.2d 458 (S.D.N.Y. 2002).  Thus, because

---

[3]    *See* Byassee Aff., ¶ 5, Ex. B, *False Claims Correction Act of 2007, S. 2041 Before the S. Comm. on the Judiciary*, (2008) (statement of Brian A. Benczkowski, Principal Deputy Assistant Attorney General).

{D0489151.1}

Relator is entirely lacking any direct or independent knowledge supporting these allegations, she does not qualify as an original source.

Relator further fails to satisfy the original source requirement because the allegations contained in her Complaint are purely speculative. "[B]ecause the purpose of the FCA is to encourage individuals with true 'knowledge' of alleged wrongdoing to come forward and provide such information to the Government, the purposes of the Act would not be served by allowing a relator to maintain a qui tam suit based on pure speculation or conjecture." *Aflatooni,* 163 F.3d at 526. Relator responds to this legal argument with the factual assertion that ARA has not, and cannot, assert that Relator's Claims are speculative, because "ARA should know full well that DEW destroyed the WTC."[4] Opp'n 22-23. This assertion is both incorrect and irrelevant. First, ARA categorically denies that any of the allegations contained in Relator's Complaint have any merit. More importantly, Relator lacks any direct or independent knowledge supporting her allegation that DEW were used on September 11. Accordingly, Relator's allegations are based entirely on speculation and, therefore, cannot satisfy the original source requirement.

Finally, Relator's Opposition misconstrues the Supreme Court's recent decision in *Rockwell Int'l Corp. v. United States*, 127 S.Ct. 1397 (2007). Relator asserts that *Rockwell* stands for the proposition that even if Relator's allegations are incorrect "a prediction of fraud is sufficient at this early stage of the case where plaintiff's contentions are deemed true." Opp'n 23. Relator's interpretation is incorrect. Indeed, the Supreme Court in *Rockwell* expressed doubt

---

[4]    Relator's Opposition makes much of the allegation that "[n]o defendant has denied that DEW destroyed the WTC at all," and concludes that "[s]ilence is an admission under circumstances like that." Opp'n 33. Defendants reiterate that the allegations contained in Relator's Complaint, including that "DEW destroyed the WTC," are wholly without merit. However, the merits of Relator's allegations are irrelevant for the purposes of resolving Defendants' Motion to Dismiss.

whether a "prediction" can ever qualify as direct and independent knowledge upon which original source status can be based, expressly declining to address that question. *Rockwell*, 127 S.Ct. at 1410.  Furthermore, the Supreme Court held that the relator in *Rockwell* did not qualify as an original source because he was not employed by the defendant at the time of the alleged wrongdoing, and therefore did not have direct and independent knowledge of the allegations in his complaint. *Id.* Thus, contrary to Relator's assertions, the *Rockwell* decision affirms that Relator is not an original source of the allegations contained in her Complaint because she did not directly observe any of the activities she alleges were fraudulent.

**III.    Relator's Complaint Fails to State a Claim Upon Which Relief Can Be Granted**

Relator's Complaint fails to state a claim upon which relief can be granted because Relator fails to allege that Defendants submitted a false claim for payment to the Government, Relator fails to allege all the essential elements of a reverse false claim action and Relator's allegations are implausible. *See* Defs.' Motion to Dismiss, pp. 16-25.  Again, the responses contained in Relator's Opposition consist almost entirely of factual assertions regarding the validity of Relator's Claims, and Relator fails to address the legal arguments contained in Defendants Motion to Dismiss. *See* Opp'n 24-39.

Relator's Complaint fails to state a claim under the FCA because Relator's assertion that the Government orchestrated the fraud alleged in her Complaint is fundamentally inconsistent with her allegation that Defendants defrauded the Government. *See* Defs.' Motion to Dismiss 19-23; *United States ex rel. Mikes v. Straus*, 98 F.Supp.2d 517, 527 (S.D.N.Y. 2000) (FCA actions may be vexatious "where the government's undisputed prior knowledge of information alleged to constitute fraud defeated any inference of a false claim"); *United States v. Fiske*, 968 F.Supp. 1347 (E.D.Ark. 1997) (allegation of joint wrongdoing by defendant and the Department

{D0489151.1}

of Justice failed to state a claim under the FCA).  Relator's Opposition fails entirely to address this argument, and merely restates Relator's general allegation that Defendants defrauded the Government.  *See* Opp'n 26-27.  However, in responding to Defendants' Motion to Dismiss, Relator reaffirmed that her allegations are aimed more at the Government than at any fraud allegedly committed by Defendants.   Indeed, Relator's Opposition specifically alleges wrongdoing by NIST over 30 times.  *See* Opp'n *passim*.  Thus, Relator's Opposition confirms that Relator's Complaint fails to allege that Defendants defrauded the Government and, therefore, fails to state a valid claim under the FCA.

Furthermore, Relator's Third Cause of Action fails to state a valid claim for relief under § 3729(a)(7) of the FCA because Relator fails to allege all of the essential elements of a § (a)(7) claim.  Specifically, Relator fails to allege that Defendants had an independent legal duty to transmit money or property to the Government and that Defendants made a false statement to avoid or decrease that obligation.  *See United States ex rel. Capella v. Norden Systems, Inc.*, No. 3:94-CV-2063(EBB), 2000 WL 1336487, at *10 (D.Conn. Aug. 24, 2004) (relator must allege "a presently existing obligation to pay the government") (citations omitted).  Because Relator's Opposition fails to identify any such obligation, Relator's Third Cause of Action must be dismissed.

Finally, Relator's Complaint fails to satisfy the plausibility test established by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) and adopted by the Second Circuit in *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2007) (complaints must meet "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*").  Relator's

allegations speak for themselves in this regard.    Therefore, Relator's Complaint must be dismissed.

## IV.    <u>Relator's Complaint Also Must Be Dismissed For Failure to Plead Fraud With Particularity</u>

Relator's opposition to Defendants' assertion that she failed to plead fraud with the particularity required by Rule 9(b) is unpersuasive.    Relator asserts that Defendants have "ignored the information and the particulars already provided," and that Defendants' "request for particulars is disingenuous."    Opp'n 39, 40.    However, Relator's Complaint consists solely of conclusory allegations and, therefore, fails to satisfy Rule 9(b).

Defendants reiterate that Relator's Complaint fails to satisfy Rule 9(b) because it does not identify a single false claim for payment that Defendants actually submitted to the Government. Relator asserts that Defendants' "certifications to NIST are false and fraudulent," Opp'n 26, but fails to identify even one single such certification.    This alone is sufficient for dismissal.    *United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F.Supp.2d 141, 147 (D.Mass. 2000) ("Without citing a single false claim arising from an allegedly false invoice, Relator has not met even a bare-bones Rule 9(b) test"); *United States ex rel. Smith v. New York Presbyterian Hosp.*, No. 06 Civ. 4056(NRB), 2007 WL 2142312, at *6 (S.D.N.Y. July 18, 2007) (complaint failed to plead fraud with particularity because relator failed to "list a single NYPH employee or hospital technician who is alleged to have been involved in submitting any of the thousands of purportedly fraudulent claims that went to the government and he gives no specific amounts, dates or other details for any fraudulent claims either made or paid").    Thus, because the hundreds of pages of pleadings, affidavits and exhibits submitted by Relator fail to identify even one single false claim that Defendants allegedly submitted to the Government, Relator's

Complaint fails to plead fraud with sufficient particularity under Rule 9(b) and must be dismissed.

## V.    Defendants Do Not Believe That Oral Argument is Necessary and Would Oppose The Introduction of Any Testimony Should the Court Deem Oral Arguments Necessary

Relator's Opposition requests oral argument and states that "testimony may be required." Opp'n i.  Defendants strongly believe that the papers in this matter speak for themselves and that Defendants' Motion to Dismiss can be decided without oral argument.  Rule 12 does not grant Relator a right to a hearing, and "'motions may be decided wholly on the papers, and usually are.'"  *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 315 (2d Cir. 1998) (citing *World Brilliance Corp. v. Bethlehem Steel Co.*, 342 F.2d 362, 366 (2d Cir. 1965)).  Moreover, dismissal of a complaint without an oral hearing on the motion does not violate due process.  *Id.* at 316.

Should the Court determine that oral argument would assist the Court in resolving this matter, Defendants will oppose Relator's introduction of any testimony.  Defendants' Motion to Dismiss rests solely on articles, court documents, and other documentation.  Relator's Opposition similarly relies solely on documentary evidence, and any testimony in this matter would only further obfuscate the issues with Relator's unsupported allegations.  The legal issues presented in Defendants' Motion to Dismiss are simple and straightforward and, in the interests of judicial economy, Defendants request that the Court decide this Motion on the papers and without testimony.

WHEREFORE, because this Court lacks subject matter jurisdiction over Relator's claims pursuant to the statutory public disclosure bar, Relator's Complaint fails to state a claim upon which relief could be granted and Relator's Complaint fails to plead fraud with sufficient

10

particularity, Defendants respectfully request that the Court dismiss Relator's Complaint in it

entirety.

        Dated: March 7, 2008
                Denver, Colorado

                      Respectfully submitted,


**s/  Wm. David Byassee**
Adam S. Ennis
SDNY Bar No.  AE9468
Jackson Kelly PLLC
Three Gateway Center, Suite 1340
Pittsburgh, PA 15222
Telephone:     412-434-8804
Facsimile:     412-434-8062
Email:         aennis@jacksonkelly.com

Wm. David Byassee, Esq.
(admitted *pro hac vice*)
Gail D. Zirkelbach, Esq.
(admitted *pro hac vice*)
Jackson Kelly PLLC
1099 18th Street, Suite 2150
Denver, Colorado 80202
Telephone:     303-390-0003
Facsimile:     303-390-0177
Email:         dbyassee@jacksonkelly.com
                   gdzirkelbach@jacksonkelly.com

*Counsel for Applied Research Associates, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March 2008, I electronically filed the foregoing **APPLIED RESEARCH ASSOCIATES, INC.'S REPLY TO RELATOR'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MTOINS TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of filing to the following e-mail addresses:

Jerry V. Leaphart
jsleaphart@cs.com
*Counsel for Relator*

Chad E. Sjoquist
Louis J. Dennis
csjoquist@zdlaw.com
ldennis@zdlaw.com
*Counsel for Skidmore, Owings & Merrill, LLP*

Philip C. Semprevivo
psemprevivo@bhmr.com
*Counsel for Underwriters Laboratories, Inc.*

Philip Touitou
Kevin R. Sido
Renee C. Choy
ptouitou@hinshawlaw.com
ksido@hinshawlaw.com
rchoy@hinshawlaw.com
*Counsel for Wiss, Janney, Elstner Associates, Inc. and
Rolf Jensen Associates, Inc.*

Charles E. Dorkey, III
cdorkey@mckennalong.com
*Counsel for Science Applications International Corp.*

Jason A. Harrington
jason.harrington@wilsonelser.com
*Counsel for Gilsanz, Murray, Steficek, LLP*

Jeffrey S. Margolin
margolin@hugheshubbard.com
*Counsel for Teng & Associates, Inc.*

John T. Morin
jtm@wkgj.com
*Counsel for Hughes Associates, Inc.*

12

{D0489151.1}

David M. Pollack
dpollack@donovanhatem.com
*Counsel for Simpson, Gumpertz & Heger, Inc. and*
*Computer Aided Engineering Associates, Inc.*

And I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants by U.S. Mail, first class, postage prepaid and addressed to the following:

Edward B. Keidan
Conway & Mrowiec
20 South Clark Street
Suite 1000
Chicago, IL 60603

<u>s/ Wm. David Byassee</u>
Adam S. Ennis
SDNY Bar No.  AE9468
Jackson Kelly PLLC
Three Gateway Center, Suite 1340
Pittsburgh, PA 15222
Telephone:    412-434-8804
Facsimile:    412-434-8062
Email:        aennis@jacksonkelly.com

Wm. David Byassee, Esq.
(admitted *pro hac vice*)
Gail D. Zirkelbach, Esq.
(admitted *pro hac vice*)
Jackson Kelly PLLC
1099 18th Street, Suite 2150
Denver, Colorado 80202
Telephone:    303-390-0003
Facsimile:    303-390-0177
Email:        dbyassee@jacksonkelly.com
              gdzirkelbach@jacksonkelly.com

*Counsel for Applied Research Associates, Inc.*

13