UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X
DR. JUDY WOOD on behalf of the §
UNITED STATES OF AMERICA §
 §
 §
                          Plaintiff, §
 §
 §
vs. §
 §
 §
SCIENCE APPLICATIONS §
INTERNATIONAL CORP.; APPLIED §     Case No. 07CV3314
RESEARCH ASSOCIATES, INC.; §
BOEING, NuSTATS; COMPUTER §
AIDED ENGINEERING ASSOCIATES, §
INC.; DATASOURCE, INC.; §
GEOSTAATS, INC.; GILSANZ §
MURRAY STEFICEK LLP; HUGHES §
ASSOCIATES, INC.; AJMAL ABBASI; §
EDUARDO KAUSEL; DAVID PARKS; §
DAVID SHARP; DANIELE VENEZANO; §
JOSEF VAN DYCK; KASPAR WILLIAM; §
ROLF JENSEN & ASSOCIATES, INC.; §
ROSENWASSER/GROSSMAN §
CONSULTING ENGINEERS, P.C.; §
SIMPSON GUMPERTZ & HEGER, INC.; §
S. K. GHOSH ASSOCIATES, INC.; §
SKIDMORE, OWINGS & MERRILL, §
LLP; TENG & ASSOCIATES, INC.; §
UNDERWRITERS LABORATORIES, §
INC.; WISS, JANNEY, ELSTNER §
ASSOCIATES, INC.; AMERICAN §
AIRLINES; SILVERSTEIN PROPERTIES; §
and UNITED AIRLINES, §
 §
 §
                          Defendants. §

---------------------------------------------------X

UNDERWRITERS LABORATORIES, INC.'S REPLY TO RELATOR'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

## PRELIMINARY STATEMENT

In furtherance of its motion to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 9(b), Defendant, UNDERWRITERS LABORATORIES, INC. ("UL") hereby adopts and incorporates herein the arguments set forth in the Reply to Relator's Memorandum of Law In Opposition to Defendants' Motions to Dismiss submitted by co-defendant APPLIED RESEARCH ASSOCIATES, INC. ("ARA"). As more fully argued within ARA's Reply papers, the Court must dismiss Relator's Complaint in its entirety for the following reasons: this Court lacks subject matter jurisdiction over Relator's claims pursuant to the statutory public disclosure bar, as Relator's allegations have been publicly disclosed and Relator is not an original source; Relator's Complaint fails to state a claim upon which relief could be granted; and Relator's Complaint fails to plead fraud with sufficient particularity. Moreover, as more fully argued therein, nothing in Relator's Opposition justifies ignoring the legal deficiencies of her Complaint. For all of these reasons, Relator's Complaint must be dismissed.

## STATEMENT OF FACTS

Defendant refers the Court to the ARA Reply for a full recitation of the facts and applicable law. In addition, and in furtherance to the ARA Reply, defendant UL notes that other than general and conclusory allegations raised by Relator, there are no specific allegations against UL concerning their actions and/or omissions from which liability may arise. Therefore, there exists further cause that the Complaint should be dismissed against them.

## ARGUMENT

### POINT 1

### DEFENDANT UL JOINS THE ARA REPLY AND MOTION TO

### DISMISS ON THE SAME GROUNDS SET FORTH THEREIN

Dismissal of this action is proper because, as more fully argued by co-defendant ARA in the ARA Reply, the Court lacks subject matter jurisdiction over this lawsuit as a result of the statutory bars under §§ 3730(b)(5) and 3730 (e)(4) of the FCA. In addition, Relator's general and conclusory allegations, while not only implausible, also fail to state a claim under specific provisions and requirements set forth in the FCA. Relator failed to plead her allegations of fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. For these reasons, as more fully set forth in the ARA Reply, adopted and incorporated herein, UL requests that the Complaint be dismissed.

### FURTHER CAUSE FOR DISMISSAL AS TO DEFENDANT UL IN ACCORDANCE WITH FED.R.CIV.PROC. 9(b)

In joining the ARA Reply and further to the points made on the issue of fraud contained therein, defendant UL notes the following: Relator barely mentions UL in his opposition papers, and, in fact, Relator's Complaint fails to allege specific actions and/or omissions attributable to UL, specifically with regard to Relator's allegations of fraud. To this end, UL notes that Relator is utterly remiss in identifying what role UL had other than to provide fire testing consulting services to the National Institute of Standards and Technology (NIST) in relation to NIST's building and fire safety investigation of the September 11, 2001 WTC disaster. And, Relator clearly fails to allege why NIST would have asked UL, a provider of fire testing consulting services, to opine as to the cause of the collapse of the World Trade Center towers. Essentially, Relator purports the existence of nothing

more than an insulting and vague conspiracy which is so absurd that the matter cannot be allowed to continue in this Court.[1]

## CONCLUSION

For the foregoing reasons, as more fully set forth in the ARA Reply in support of its motion to dismiss herein, it is respectfully requested that he Court dismiss the Complaint in its entirety, with prejudice and costs.

Dated: New York, New York
       March 7, 2008

BIEDERMANN, REIF, HOENIG & RUFF, P.C.

By: _____
    Philip C. Semprevivo, Jr. (PS 1526)

**Attorneys for Defendant**
Underwriters Laboratories, Inc.
570 Lexington Avenue, 16th Floor
New York, New York 10022
(212) 697-6555

---

[1] Notably, Relator concedes that "...NIST only investigated the factors leading to the initiation of the collapses of the WTC towers, not the collapses themselves." See Relator's Opp'n 7. And, significantly, Relator has not alleged that defendant UL would have any knowledge of the results of DEW's.

## CERTIFICATE OF SERVICE

  The undersigned certifies that on March 7, 2008, UNDERWRITERS LABORATORIES, INC.'s Reply to Relator's Memorandum of Law In Opposition to Defendants' Motions to Dismiss was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following named counsel of record:

Jerry Vincent Leaphart, Esq.
8 West Street, Suite 203
Danbury, CT 06810
Attorney for Plaintiff
*Dr. Morgan Reynolds*

William David Byassee, Esq.
Jackson Kelly, PLLC
1099 18TH Street, Ste. 2150
Denver, CO 80202
Attorneys for Defendant
*Applied Research Associates, Inc.*

Wilson, Elser, Moskowitz, Edelman
 & Dicker
150 East 42nd Street
New York, NY 10017
Attorneys for Defendant
*GILSANZ MURRAY STEFICEK*

Philip Touitou, Esq.
Concepcion A. Montoya, Esq.
Hinshaw & Culbertson, LLP
780 Third Avenue, 4th Floor
New York, NY 10017
Attorneys for Defendant
*Wiss, Janney, Elstner Associates, Inc.
And Rolf Jensen & Associates, Inc.*

Michael J. Vardaro, Esq.
Zetlin & De Chiara, LLP
801 Second Avenue
New York, NY 10017
Attorneys for Defendant
*Skidmore, Owings & Merrill, LLP*

Jackson Kelly PLLC
Three Gateway Center, Ste. 1340
Pittsburgh, PA 15222
Attorneys for Defendant
*Applied Research Associates, Inc.*

Jackson Kelly PLLC
310 West Burke Street
Martingsburg, WV 25401
E. Leslie Hoffman, III, Esq.
Attorneys for Defendant
*Applied Research Associates, Inc.*

Wormer, Kiely, Galef & Jacobs LLP
825 Third Avenue, 26th Floor
New York, NY 10022
Sean Thomas O'Leary, Esq.
Attorney for Defendant
*Hughes Associates, Inc.*

Donovan Hatem LLP
One Penn Plaza
250 W. 34th Street, Ste. 3324
New York, NY 10119
Attorneys for Defendants

Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210
Attorneys for Defendants
*Simpson Gumphertz & Heger, Inc.*

*Simpson Gumphertz & Heger, Inc.
and Computer Aided Engineering
Associates, Inc.*

Conway & Mrowiec
20 South Clark Street, Ste. 1000
Chicago, IL 60603
(312) 658-1100
(312) 658-1201 (fax)
ebk@cmcontractors.com
Attorneys for Defendant
*TENG & ASSOCIATES, INC.*

*and Computer Aided Engineering
Associates, Inc.*

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000
David W. Wiltenburg, Esq.
wilten@hugheshubbard.com
Jeffrey S. Margolin, Esq.
Margolin@hugheshubbard.com
Attorneys for Defendant
*TENG & ASSOCIATES, INC.*

Dated: New York, New York
March 7, 2008

Philip C. Semprevivo, Jr.