UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- X
DR. JUDY WOOD on behalf of the                    Civil Action
UNITED STATES OF AMERICA,                         No. 07 CV 3314 (GBD)

       Plaintiff / Realtor,

    vs.

APPLIED RESEARCH ASSOCIATES, INC.;
SCIENCE APPLICATIONS INTERNATIONAL
CORP.; BOEING; NuSTATS; COMPUTER
AIDED ENGINEERING ASSOCIATES, INC.;
DATASOURCE, INC.; GEOSTAATS, INC.;
GILSANZ MURRAY STEFICEK LLP;
HUGHES ASSOCIATES, INC.; AJMAL
ABBASI, EDUARDO KAUSEL;
DAVID PARKS; DAVID SHARP; DANIELE
VENEZANO; JOSEF VAN DYCK, KASPAR
WILLIAM; ROLF JENSEN & ASSOCIATES,
INC.; ROSENWASSER/GROSSMAN CONSULTING
ENGINEERS, P.C.; SIMPSON GUMPERTZ &
HEGER, INC.; S.K. GHOSH ASSOCIATES,
INC.; SKIDMORE, OWINGS & MERRILL,
LLP; TENG & ASSOCIATES, INC.;
UNDERWRITERS LABORATORIES, INC.;
WISS, JANNEY, ELSTNER ASSOCIATES,
INC.; AMERICAN AIRLINES; SILVERSTEIN
PROPERTIES; and UNITED AIRLINES,

       Defendants.
------------------------------------------------------------------------------- X


**REPLY MEMORANDUM OF LAW IN SUPPORT OF SKIDMORE, OWINGS &
MERRILL LLP'S MOTION TO DISMISS THE COMPLAINT**

Defendant Skidmore, Owings & Merrill LLP ("SOM") respectfully submits this reply memorandum of law in further support of its motion, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss the complaint of Relator Judy Wood, together with attorneys' fees and expenses pursuant to 31 U.S.C. § 3730(d)(4).

## RELATOR'S CLAIM

Relator asserts that "directed energy weapons", rather than hijacked airplanes, were used to destroy the World Trade Center on September 11, 2001.[1] She further claims that Defendants must have committed fraud in connection with the National Institute of Standards and Technology ("NIST") study simply because NIST's conclusions do not comport with Relator's own unfounded allegations.

Relator's Complaint and claim are virtually identical[2] to those in the related Morgan Reynolds matter.[3] As with Relator's Complaint, her opposition to SOM's Rule 12 motion includes substantially similar and inadequate arguments as those made by Reynolds. For that reason, SOM's instant Reply Memorandum is substantially similar to its Reply Memorandum in the Reynolds case.

---

[1] Relator Aff., at ¶ 4.
[2] Wood distinguishes the two claims as follows: "Here, the challenge consisting of the NO PLANES claim of Dr. Reynolds is separate and apart from Dr. Wood's DEW destruction claim." (Rel. Memo of Law, at p. 32).
[3] *Dr. Morgan Reynolds v. Science Applications International Corp., et al.*, No. 07 CV 4612.

## SUMMARY OF ARGUMENT

The terrorist attacks against the World Trade Center cannot be reasonably disputed and on this basis alone Relator's complaint is frivolous.[4] Relator has also failed to adequately plead any of the causes of action asserted and none of the Complaint's numerous defects can be cured.

Just as in the *Morgan Reynolds* matter, Relator's opposition fails to address the deficiencies identified in SOM's motion and those inadequacies remain. Relator is not an original source and she does not allege any specific fraud by SOM. Instead, it is clear that Relator has no direct or independent information whatsoever regarding SOM's correspondence or communications with NIST.

## ARGUMENT

### POINT I

### RELATOR'S AFFIDAVITS, EXHIBITS AND PROPOSED ORAL TESTIMONY ARE IRRELEVANT

Relator's assertion that "testimony may be required"[5] to resolve the instant motion is ridiculous. Further, her use of irrelevant affidavits and exhibits are merely an attempt to distract this Court from the dispositive issues raised in SOM's motion to dismiss.

#### A. RELATOR MISUNDERSTANDS THE FUNCTION AND APPLICATION OF RULE 12(b)

A 12(b) motion involves a review of ". . . the allegations contained within the four corners of [Wood's] complaint" and any documents attached to the complaint or incorporated by

---

[4] See SOM's Request for Judicial Notice filed concurrently with this Reply Memorandum.
[5] Relator's Opposition Memorandum of Law, at cover page

reference. *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998) (*citing Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996)). The oral testimony that Relator claims may be required during oral argument and the affidavits submitted in her opposition clearly fall outside of this scope and are impermissible.

The numerous affidavits and exhibits in Relator's opposition papers go far beyond the four corners of the Complaint; they should be ignored by this Court and stricken from the record. None of these documents were attached to, nor referenced in, Relator's Complaint and offer nothing to assist the Court in its decision on the motion before it. The sole purpose of the irrelevant affidavits and exhibits is to convince this Court that the terrorists did not use airplanes to destroy the World Trade Center – which is irrelevant to SOM's motion. **Even if Relator's ridiculous premise were true, her claims and the Complaint are patently without merit.**

None of the material offered by Relator reveals what SOM purportedly told or did not tell NIST during the investigation that could possibly be interpreted as fraud. As explained in SOM's moving papers, Relator's misguided explanation as to how the towers collapsed is insufficient. She must allege specific facts that would show that SOM actually committed fraud. Neither the Complaint nor the affidavits and exhibits in Relator's opposition papers address this distinction or even remotely support any allegation regarding SOM's purported fraud.

### B. IT CANNOT BE REASONABLY DISPUTED THAT THE WORLD TRADE CENTER WAS DESTROYED BY TERRORISTS IN HIJACKED AIRPLANES

Relator's entire Complaint is based on a preposterous contention that is patently false. To the extent any support for this fact is required, the Courts have recognized the truth about what occurred.

The United States Supreme Court and the Court of Appeals for the Second Circuit have both explicitly found that terrorists in hijacked airplanes destroyed the World Trade Center. *See Hamdan v. Rumsfeld*, 126 S. Ct. 2749, 2760, 165 L. Ed. 2d 723, 739 (2006) (finding that "[o]n September 11, 2001, agents of the al Qaeda terrorist organization hijacked commercial airplanes and attacked the World Trade Center."); *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 116 (2d Cir. 2006) (finding that "[o]n the morning of September 11, 2001, terrorists flew two fuel-laden jetliners into the north and south towers of the WTC, destroying both buildings and cutting short the lives of thousands of people").

This Court can, and should, take judicial notice of the fact that terrorists destroyed the World Trade Center with hijacked airplanes.[6] *See Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 166, fn 8 (2d Cir. 2000) (holding that district courts may take judicial note of certain facts when considering motions to dismiss); *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000) (same). In light of this fact, this Court must reject Relator's irrelevant affidavits and exhibits, and her request for testimony during oral arguments on the instant motion.

### C. RELATOR IS NOT ENTITLED TO HAVE THE COURT CONSTRUE ABSURD ALLEGATIONS AS TRUE IN CONNECTION WITH A MOTION TO DISMISS

While typically on a motion under Rule 12(b) a plaintiff is entitled to have the allegations of the complaint construed in his favor, this rule is not absolute. It certainly does not require the Court to ignore obvious reality as Relator would propose where the Court can take judicial notice of a contrary fact. *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp.2d 371, 405-06 (S.D.N.Y. 2001); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir.

---

[6] See SOM's Request for Judicial Notice filed concurrently with this Reply Memorandum.

1995) (sustaining dismissal of the complaint where allegations were contradicted by facts of which the court took judicial notice).

## POINT II

## RELATOR'S OPPOSITION PAPERS FAIL TO RAISE ANY RELEVANT ISSUE THAT COUNTERS SOM'S MOTION TO DISMISS

Relator's opposition papers are patently deficient and address virtually none of the substantive arguments raised in SOM's motion. While the absurdity of Relator's allegations and her pointless opposition do not merit a response, the following key points from SOM's moving papers identifying the deficiencies of Relator's Complaint are dispositive.

### A.   RELATOR IS NOT AN ORIGINAL SOURCE

Relator apparently believes that simply stating that she is an original source makes it so. This is not the law. She also misunderstands that the original source rule requires knowledge of the purported fraud, not that Relator is the "original source" of some ridiculous and unsubstantiated (and false) theory.

As the Complaint and Relator's opposition demonstrate, the content of the documents upon which Relator relies are in the public domain and Relator does not have any direct and independent knowledge of any alleged fraud as explicitly required by section 3730(e)(4)(B) of the False Claims Act. *See United States ex rel. Dick v. Long Island Lighting Co.*, 912 F.2d 13, 16 (2d Cir. 1990) (discussing the requirements of section 3730(e)(4)(B)). Contrary to Relator's misapplication of the decision, the Supreme Court in *Rockwell,* reaffirmed that a Relator must demonstrate "direct and independent knowledge of the information on which

the allegations are based." *Rockwell Int'l Corp. v. United States*, 127 S. Ct. 1397, 1403, 167 L. Ed. 2d 190 (2006). Relator has not done so.

Relator's Complaint must be dismissed pursuant to *Rockwell* and the FCA because she has failed to show that she has any direct or independent knowledge of the work that SOM did for NIST. Relator's assertion that the instant case is "strikingly similar to" the facts in *U.S. ex rel Winslow v. Pepsico. Inc.*, 2007 U.S. Dist. Lexis 40024 (S.D.N.Y. 2007) is entirely unfounded. In *Pepsico*, the court refused to dismiss the claim of a relator who alleged that a soda company intentionally misclassified its soft drink to avoid import duties. 2007 U.S. Dist. Lexis 40024, at *2. The defendant's motion to dismiss was denied in large part because **the relator**, as is the case in virtually every legitimate claim under the False Claims Act, **worked for the defendant** and thus had inside information regarding the defendant's activities. *Id.* at *6.

Here, Relator was not employed by, nor did any work with, SOM or any other defendant. She fails to plead even one fact that demonstrates any direct or independent knowledge of what SOM told or did not tell NIST. Relator's assertion that the defendants, including SOM, "make, measure the lethality of, and otherwise deal with [directed energy weapons]"[7] proves that she clearly has no grasp of the kind of work that architects such as SOM actually do. Simply put, she is not an original source and she cannot, and does not, meet the requirements of 31 U.S.C. § 3730(e)(4).

### B.    RELATOR'S COMPLAINT DOES NOT COMPLY WITH FED. R. CIV. P. 9(b)

As set forth in SOM's moving papers, Relator falls woefully short of meeting her burden of identifying even one fraudulent statement that SOM made, the person who made such a statement, or the time and place of the statement. *See Mills v. Polar Molecular Corporation,*

---

[7] Rel. Memo of Law, at p. 13.

12 F.3d 1170, 1175 (2d Cir. 1993); *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989). In addition, Relator fails to connect any such purported (but unidentified) statements to a specific defendant, and instead merely attributes the unspecified communications to the defendants as a group. Relator's only allegation directed specifically at SOM relates to the manner in which SOM attached NIST's report to its motion papers. (Rel. Memo of Law, at p. 1). This is, without question, legally inadequate.

Relator's Memorandum of Law in Opposition to SOM's motion restates her allegation of fraud as follows:

> NCSTAR 1 was fraudulent and violated the False Claims Act by virtue of the fact that it and NIST's contractors ignored that the WTC was destroyed by DEW by curtailment of investigation and other deceptions.[8]

Again, however, Relator fails to explain what specific statements SOM made or withheld that constituted fraud. Relator apparently believes that if she ignores the insufficiency of her Complaint, this Court will do the same. Rule 9(b) does not permit such ignorance, however, and the Complaint must be dismissed as a matter of law.

C. **RELATOR'S ASSERTION THAT UNDER *ROCKWELL*, A "PREDICTION" OF FRAUD IS SUFFICIENT IS PREPOSTEROUS**

In a clear admission that her case is meritless and lacks any inside information, Relator argues that "a prediction of fraud is sufficient" to sustain her claim.[9] This is entirely meritless, and her reliance on *Rockwell* for this dubious proposition is wholly misplaced. The Court in *Rockwell* simply explained that even if a prediction of the **consequences** of a fraudulent act is wrong, a relator's claims under the False Claims Act may survive if the claims regarding the fraud itself are accurate. 127 S. Ct. at 1410. In this case, however, Relator still has not pled

---

[8] Rel. Memo of Law, at p. 19.
[9] Rel. Memo of Law, at p. 23.

even one fact that demonstrates that SOM actually committed any fraud. Relator's "prediction" is an unmistakable acknowledgement that she has no actual knowledge of any alleged fraud, and her Complaint must be dismissed for that reason alone.

### POINT III

**RELATOR'S COMPLETE FAILURE TO ADDRESS SOM'S ARGUMENTS DEMONSTRATES FURTHER THAT THE INSTANT ACTION IS FRIVOLOUS AND MERITS SANCTIONS AGAINST RELATOR AND HER COUNSEL**

As discussed above, Relator's voluminous response, including numerous lengthy affidavits and exhibits, is irrelevant and largely improper. Relator has made no effort to address the majority of the substantive arguments raised in SOM's moving papers and instead has filed an exceedingly long response filled with meritless and irrelevant factual assertions about her unfounded conspiracy theories. This is not surprising, given that the deficiencies in her Complaint are glaringly obvious. Nevertheless, Relator's refusal, or inability, to address the points raised in SOM's motion is additional evidence that this entire matter is frivolous. Attorneys fees and costs are, therefore, clearly appropriate pursuant to 31 U.S.C. § 3730(d)(4).

### CONCLUSION

Relator does not have any basis whatsoever for filing this action. Her meritless claims are based upon an absurd contention: that directed energy weapons, and not terrorists in airplanes, caused the destruction of the World Trade Center on September 11, 2001. Even if this were true, however, Relator has no basis for the claims of fraud asserted against SOM.

SOM's moving papers establish the inadequacy of Relator's Complaint and SOM is entitled to the dismissal of that Complaint pursuant to Fed. R. Civ. P. 9(b), 12(b)(1) and

12(b)(6). Relator's opposition papers fail to cure or overcome the numerous defects in her Complaint or the frivolous nature of this action. The Complaint against SOM must be dismissed, and SOM should be awarded its legal fees and expenses.

Dated: New York, New York
       March 7, 2008

                      **ZETLIN & DE CHIARA LLP**

                      By:_____
                          Chad E. Sjoquist (CS 0142)
                          *Attorneys for Skidmore, Owings & Merrill LLP*
                          801 Second Avenue
                          New York, New York 10017
                          (212) 682-6800
                          csjoquist@zdlaw.com