Jerry V. Leaphart #jl4468
Jerry V. Leaphart & Assoc., P.C.
8 West Street, Suite 203
Danbury, CT 06810
(203) 825-6265 – phone
(203) 825-6256 – fax
jsleaphart@cs.com

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DR. JUDY WOOD, on behalf of The United States of America | : : : | |
| Plaintiff, | : : | <u>ECF CASE</u> |
| vs. | : : | March 11, 2008 |
| APPLIED RESEARCH ASSOCIATES, INC., et al | : : : | 07 CIV 3314 (GBD) |
| Defendants. | : | |

**AFFIRMATION IN OPPOSITION TO DEFENDANT SKIDMORE, OWINGS & MERRILL'S REQUEST TO TAKE JUDICIAL NOTICE (DOCKET #77); OR, IN THE ALTERNATIVE**
<u>**REQUEST FOR HEARING PER FRE 201(e)**</u>

      I, Jerry V. Leaphart, am an attorney at law, duly licensed to practice before this and other courts and am attorney of record and Lead Counsel for the plaintiff in the above captioned matter. This affirmation is in support of plaintiff, Dr. Judy Wood's (plaintiff) opposition to defendant Skidmore, Owings & Merrill's (SOM) request to take judicial notice, submitted on or about March 7, 2008; or in the alternative, request for hearing per FRE 201(e)..

1.     For reference, FRE 201 states in relevant part:

    "Rule 201. Judicial Notice of Adjudicative Facts

(a) Scope of rule. This rule governs only judicial notice of adjudicative facts.

(b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

2. The so-called facts that defendant seeks to have judicially noticed do not come from sources where the actual facts were even determined; rather, the language is, at most, dicta from cases that involved issues other than whether or not 767 jetliners crashed into the World Trade Center on 9/11/01. Defendant's articulation relies on precatory language from court decisions that did not have that issue properly before them.

3. As well, the language of that which defendant seeks to have judicially noticed is general, does not even mention the purported details of the purported flights or even what type of aircraft are purportedly involved. Indeed, the submittals of SOM are not facts, they are cursory conclusions.

4. Examples of what can be judicially noticed are rather clear and unambiguous and fall into two categories.

The first category of facts appropriate for judicial notice are those facts that are generally known in the trial jurisdiction. The fact must be generally known, not merely known by the judge. Facts in this category include such matters as the character of a particular neighborhood (e.g., business district, residential, rural) or other commonly known facts such as all police cars in the jurisdiction are blue and white in color.

The second category of facts appropriate for judicial notice are those capable of ready and certain verification by reference to authoritative sources. For this category of judicial notice, the proponent of the evidence must provide the court with the authoritative source. Typical facts in this category include geographical facts (e.g., Main Street runs north and south with a 30 m.p.h. speed limit); historical facts (e.g., a city was incorporated on July 1, 1970), calendar facts (e.g., May 29 of last year was a legal holiday); and scientific facts not open to dispute (e.g., gasoline vapor is heavier than air).

5. It has already been asserted that the jetliner crashes are a part of a sophisticated mass communications deception and the evidence in support of the claim has been painstakingly assembled in another case where SOM likewise sought to engage in a similar "judicial notice" ploy; Reynolds v. SAIC 1:07cv4612 (GBD). This is the reason why the opponent of evidence proposed for judicial notice has the opportunity to be heard on the propriety of judicial notice, including the opportunity to produce contrary authoritative sources. Plaintiff has done that and it is respectfully submitted that defendant SOM's request is, therefore, highly improper.[1]

6. The issue of whether or not actual Boeing 767 jetliners crashed into the World Trade Center on 9/11/01 is not a calendar fact. Rather, it is an unproven assertion that is contradicted by laws of physics that, until 9/11, were capable of being judicially noticed.

7. The irony here is that the process of judicial notice should have been used to challenge the validity of the 9/11 jetliner crash assertions; not the other way around.

---

[1] See, "COMMENTARY, Rule 201, Judicial Notice of Adjudicative Facts by Prof. Anthony Bocchino, The National Institute for Trial Advocacy

3

8.     All of this, and more, can be properly elucidated at the hearing that plaintiff is entitled to have.

9.     At that hearing certain facts that are capable of being judicially noticed will be put forward. Among these are:

10.    The FAA along with the FBI, have now declared that 9/11 aircraft component serial number data that would confirm whether or not jetliners crashed into the WTC is exempt from public disclosure. http://www.faa.gov/foia/media/exemptions.pdf

> **U.S. Department of Justice**
> Office of Information and Privacy
>
> Telephone: (202) 514-3642        Washington, D.C. 20530
>
> NOV 26 2007
>
> Mr. Aidan Monaghan
> ███████████
> Las Vegas, NV ███
>
> Re:  Appeal No. ███
>      Request No. ███
>      ADW:SRO
>
> Dear Mr. Monaghan:
>
> You appealed from the action of the Headquarters Office of the Federal Bureau of Investigation on your request for access to records pertaining to debris recovered from the four aircraft destroyed in the terrorist attacks of September 11, 2001.
>
> After carefully considering your appeal, I am affirming the FBI's action on your request. The FBI properly withheld these records in their entireties because they are protected from disclosure under the Freedom of Information Act pursuant to 5 U.S.C. § 552(b)(7)(A). This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings.
>
> If you are dissatisfied with my action on your appeal, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B).
>
> Sincerely,
>
> *Janice Galli McLeod*
> Janice Galli McLeod
> Associate Director

11.     The FBI's refusal to release the serial number data that might be contained in aircraft components collected from the 9/11 plane crash scenes has resulted in a civil lawsuit filed in federal court, seeking to obtain this information:

http://i224.photobucket.com/albums/dd121/88Badmachine88/FOIACourtCase.jp...

12.     Per U.S. Code of Federal Regulations, all federally registered civil aircraft are to contain uniquely numbered components:

http://ecfr.gpoaccess.gov/cgi/t/text/text-idx?c=ecfr&sid=db393b5df37bdcf...

13.     The cited 11/26/2007 FAA FOIA request specifically requested the following:

"That which reveals or indicates the unique identifying information (i.e.: serial numbers, etc.), of the Flight Data Recorders (FDR's) and Cockpit Voice Recorders (CVR's) that were last contained within the following deregistered aircraft, used during the terrorist attacks of September 11, 2001."

http://img247.imageshack.us/img247/6392/faacvrfdrserialnumbersha1.jpg

http://img167.imageshack.us/img167/2224/foiafaafdrcvrke8.jpg

The cited 12/4/2007 FAA FOIA request specifically requested the following:

"Documentation that reveals any unique identifying information (serial numbers, etc.), of the engines, landing gear or other components that may be deemed relevant."

http://img247.imageshack.us/img247/3073/foiafaaserialnumbers113ds5.jpg

http://img247.imageshack.us/img247/9117/foiafaaplanedatatg2.jpg

The federal government has released an abundance of data regarding the alleged planes used to carry out the September 11, 2001 terrorist attacks:

- All airline flight numbers.
    - All alleged FAA aircraft registry data.
    - All air traffic control audio recordings between ATC and said flights.
    - Aircraft flight path study data for 3 of the 4 said flights that day.
    - Aircraft departure times and departure locations.
    - Crash times.
    - Total numbers and identities of passengers who perished.
    - The alleged identities of those accused of hijacking each aircraft.

However, all of the above referenced data presuppose air crashes that are not, in fact, shown to exist by virtue of the data themselves. Examination of the released data all confirm that untested assumptions are either relied upon or presumed, but not shown to exist. It is well understood, for instance, that as a practical matter, the list of perished passengers is an element of data that carries enormous emotional significance; however, the list of passengers does not prove an air crash. Rather, a list of passengers presupposes a crash and does not confirm it as a fact.

14.     As an example of data that would confirm that a crash occurred, the FBI and now the FAA, has refused to reveal aircraft component serial number data said, by public testimony, to be in their possessions. That is the sort of data that would confirm, or not,

the alleged federal registry identifications of the commercial civil aircraft said to have been used to carry out the 9/11 attacks.

15.     By document labeled "Remarks of Carol Carmody Vice-Chairman, National Transportation Safety Board Leadership in Times of Crisis Seminar", it is indicated that the director of the FBI requested that the NTSB "help identify aircraft parts" belonging to the said aircraft.

http://www.ntsb.gov/speeches/carmody/cc020227.htm

16.     By document labeled "Testimony of Marion C. Blakey, Chairman National Transportation Safety Board before the Committee on Commerce, Science and Transportation United States Senate", it is indicated that the NTSB assisted the FBI with the process of "aircraft parts identification" regarding the said aircraft.

http://www.ntsb.gov/Speeches/blakey/mcb020625.htm

17.     A 12/16/2007 public correspondence e-mail inquiry of the NTSB posed the following question:

> "Will the NTSB refer to recovered aircraft component serial number data, to determine the positive ID of an aircraft following a mishap, in the absence of other identifying data?"

18.     The following e-mail response was provided by a Susan Stevenson of the NTSB on 12/26/2007:

> "Yes. NTSB investigators rarely encounter a scenario when the identification of an accident aircraft is not apparent. But during those occasions, investigators will record serial numbers of major components, and then contact the manufacturer of those components in an attempt to determine what aircraft the component was installed upon."

Accordingly, if positive identifications of American Airlines flight 11 and United Airlines flight 175 airline parts are released, then, in that event, affirmative statements that such crashes occurred would be tenable. In the absence of such data, the fact remains such crashes have not been shown to have occurred.

19. By FAA documents identified as "Summary of Air Traffic Hijack Events", pages 4 and 13, it is indicated that American Airlines flight 11 (N334AA) and United Airlines flight 175 (N612UA) were not transmitting proper transponder identification data at the time of their respective destructions and that therefore, proper aircraft identification cannot have been obtained from this absent or erroneous data.

http://www.gwu.edu/~nsarchiv/NSAEBB/NSAEBB165/faa7.pdf

20. By documents labeled "NOTES TO CHAPTER 1", page 456, of the "Final Report of the National Commission on Terrorist Attacks Upon the United States" (2004), it is indicated that "the CVRs and FDRs from American 11 and United 175 were not found" and that therefore, proper aircraft identification cannot have been obtained from this absent data.

http://govinfo.library.unt.edu/911/report/911Report_Notes.htm

21.     Based upon all of the foregoing, it is quite clear and can be made clearer still, that the assertion that wide-body, 767 jetliners crashed into the World Trade Center on 11 September, 2001, simply has not been reliably proven; and, instead, has been effectively disproven by information submitted in the case entitled <u>Reynolds v SAIC</u>.

                                          Respectfully submitted,

                                          /s/Jerry V. Leaphart_____
                                            Jerry V. Leaphart

Dated: Danbury, CT
       March 11, 2008

### ELECTRONIC CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2008, a copy of the foregoing Affirmation was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/ Jerry V. Leaphart_____
Jerry V. Leaphart (jl4468)
JERRY V. LEAPHART & ASSOC., P.C.
8 West Street, Suite 203
Danbury, CT 06810
Tel. (203) 825-6265
Fax (203) 825-6256