# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------

| | |
|---|---|
| DR. JUDY WOOD on behalf of the UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED RESEARCH ASSOCIATES, INC.; SCIENCE APPLICATIONS INTERNATIONAL CORP.; BOEING; NuSTATS; COMPUTER AIDED ENGINEERING ASSOCIATES, INC.; DATASOURCE, INC.; GEOSTAATS, INC.; GILSANZ MURRAY STEFICEK LLP; HUGHES ASSOCIATES, INC.; AJMAL ABBASI; EDUARDO KAUSEL; DAVID PARKS; DAVID SHARP; DANIELE VENEZANO; JOSEF VAN DYCK; KASPER WILLIAM; ROLF JENSEN & ASSOCIATES, INC.; ROSENWASSER/GROSSMAN CONSULTING ENGINEERS, P.C.; SIMPSON GUMPERTZ & HEGER, INC.; S.K. GHOSH ASSOCIATES, INC.; SKIDMORE, OWINGS & MERRILL, LLP; TENG & ASSOCIATES, INC.; UNDERWRITERS LABORATORIES, INC.; WISS, JANNEY, ELSTNER ASSOCIATES, INC.; AMERICAN AIRLINES; SILVERSTEIN PROPERTIES; and UNITED AIRLINES,<br><br>Defendants. | Case No. 07CV3314 (GBD)<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS BY DEFENDANT UNDERWRITERS LABORATORIES, INC.** |

----------------------------------------------------------------

Defendant UNDERWRITERS LABORATORIES, INC. ("UL") respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 11(c), for sanctions against Plaintiff's counsel, Jerry V. Leaphart and the law offices of Jerry V. Leaphart & Associates, P.C., together with attorneys' fees and expenses, and for such other relief as the Court deems just and proper.

# TABLE OF CONTENTS

Table of Authorities..................................................................................................i, ii

I.     Background/Procedural History ...............................................................1

II.    Legal Standard ..........................................................................................4

Argument.............................................................................................................7

          Point I .................................................................................................7

          There is no chance of success because the Complaint is
          legally deficient and fails to support the relief sought...................7

          A.     Relator's claims are clearly barred by a number of procedural
                 and substantive rules.............................................................7

          Point II ...............................................................................................9

          There is no chance of success because the factual allegations are groundless..............9

          Point III...............................................................................................11

          Attorneys' Fees should be awarded to UL because the Complaint
          was brought for an Improper Purpose; to promote the conspiracy theories
          of Relator and counsel, and to harass UL and the other Defendants...........11

Conclusion...........................................................................................................14

# TABLE OF AUTHORITIES

Baker v. Urban Outfitters, Inc.,
  431 F.Supp 351 (S.D.N.Y. 2006)................................................................6, 12

Bryant v. Brooklyn Barbeque Corp.,
  130 F.R.D. 665 (W.D. Mo. 1990) ...................................................................6

Caisse Nationale v. Valcorp., Inc.,
  28 F.3d 259, 264 (2d Cir. 1994).....................................................................5

California Architectural Building Products v. Franciscan Ceramics,
  818 F.2d 1466, 1472 (9th Cir. 1987).........................................................4, 5

Center Cadillac, supra,
  808 F.Supp. at 230 .......................................................................................10

Dr. Morgan Reynolds v. Applied Research Assoc., Inc.,
  No. 07 Civ. 4612 (GBD) (S.D.N.Y.) (2007).............................................2, 4

Eastway Construction Corp. v. City of New York,
  762 F.2d 243, 253 (2d Cir. 1985)...............................................................4, 5

Galonsky v. Williams,
  1997 WL 759445 (S.D.N.Y.) .................................................................6, 12, 13

Gutierrez v. Fox,
  141 F.3d 425, 427 (2d Cir. 1998)...................................................................4

In re Kunstler,
  914 F.2d 505, 516 (4th Cir. 1990)...............................................................5

Margo v. Weiss,
  213 F.3d 55, 64 (2d Cir. 2000).......................................................................5

O'Brien v. Nat'l Prop. Analysts Partners,
  936 F.2d 674, 676 (2d Cir. 1991)..................................................................11

Pentagen Technologies Intern. Ltd. V. U.S.,
  172 F.Supp.2d 464, 471 (S.D.N.Y. 2001)......................................................5

Robeson v. Britt,
  132 F.R.D. 650 (E.D.N.C. 1989) ..................................................................13

Ted Lapidus, S.A. v. Vann,
  112 F.3d 91, 96 (2d Cir. 1997).......................................................................5

Union Planters Bank v. L & J Development Co.,
115 F.3d 378 (6th Cir. 1997)................................................................6

United States v. Intern. Bhd. of Teamsters,
948 F.2d 1338, 1345-6 (2d Cir. 1991) ..................................................5

**Rules**

Fed. R. Civ. P. 9(b).................................................................2, 7-9, 11

Fed. R. Civ. P. 11....................................................2-4, 6-7, 9, 11-13

Fed. R. Civ. P. 11(b)..........................................................................4

Fed. R. Civ. P. 11(b)(1).....................................................................6

Fed. R. Civ. P. 11(c)(1)(A).................................................................1

Fed. R. Civ. P. 11(c)(1)(2).................................................................4

Fed. R. Civ. P. 12(b)(1).....................................................................2

Fed. R. Civ. P. 12(b)(6).....................................................................2

**Statutes**

Copyright Act ...................................................................................12

False Claims Act ("FCA"), 31 U.S.C. §3729.......................................1

False Claims Act ("FCA"), 31 U.S.C. §3730(d)(4)...............................3

False Claims Act ("FCA"), 31 U.S.C. §3730(e)(4)(A) ..........................9

National Construction Safety Team Act ("NCSTA")
15 U.S.C. §7301, et seq....................................................................8

**Other**

National Inst. of Standards & Tech., U.S. Dep't of Commerce,
Final Report on the Collapse of the World Trade Center Towers
(2005) ("NCSTAR 1")...............................................................2, 8-11

Pursuant to Fed. R. Civ. P. 11(c)(1)(A), UL certifies that this Motion for Sanctions ("Motion") was served upon Dr. Judy Wood ("Relator") through her counsel at least 21 days before this Motion was filed.

## I.    Background/Procedural History

On or about April, 25, 2007, Plaintiff, Relator, Dr. Judy Wood (hereinafter, "Relator"), filed a *Qui Tam* Complaint, a copy of which is annexed hereto as Exhibit A, under seal in the United States District Court for the Southern District of New York. The United States investigated Relator's allegations for two months and, on June 22, 2007, declined to intervene. On September 12, 2007, the Court ordered that Relator's Complaint be unsealed and served upon Defendants (Docket #3). Thereafter, Relator served the Complaint on UL, as well as the above captioned co-defendants. The Complaint alleges several meritless causes of action against UL, including three (3) claims for violations of the False Claims Act, 31 U.S.C. §§ 3729 et. seq. ("FCA") (Complaint, at ¶¶ 62, 65, 68).

Relator's Complaint contends that the events of September 11, 2001 were a hoax and that no aircraft struck the World Trade Center Towers. Relator alleges that the WTC Towers were destroyed using "Direct Energy Weapons" ("DEW") and, as such, any conclusion that aircraft impacts and subsequent jet fuel fires caused the collapse of the WTC Towers is not only wrong, but somehow fraudulent. Relator alleges that Defendants created the false impression that aircraft struck the WTC Towers through some sort of "psychological operation" and, therefore, any conclusion that aircraft impacts and subsequent jet fuel fires caused the collapse of the WTC Towers is not only wrong, but

somehow fraudulent. She apparently alleges that the Defendants are liable to the Government under the FCA for manipulating the NIST investigation and contributing to the alleged falsity of NIST's final report on the collapse of the WTC Towers, NSTAR 1. For overly apparent reasons, several Defendants, including UL, have filed pre-answer motions to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 9(b), all of which are currently pending before this Court.

On February 20, 2008, UL filed its motion to dismiss this case in its entirety pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 9(b), because this Court lacks subject matter jurisdiction to hear Relator's claims, Relator's Complaint fails to state a claim upon which relief can be granted, and Relator failed to plead fraud with sufficient particularity (Docket # 42-44).

Simply stated, Relator's Complaint is not only frivolous, but also extremely offensive, given the tragedy and loss of life that occurred on September 11. The allegations only serve to harass the Defendants, and can not even be considered remotely reasonable because they completely lack any basis in law or fact whatsoever, thereby necessitating the imposition of Rule 11 sanctions as against Relator's counsel for having signed such a Complaint.

It is apparent that Relator and her counsel, Mr. Leaphart, are using the filing of this lawsuit as a guise. The Complaint has been filed for no reason other than an attempt to promote and market the ridiculous and absurd conspiracy theories to which both Relator and Mr. Leaphart subscribe. Indeed, the pleading is essentially a piece of propaganda seeking to advance the legitimacy of their conspiracy theory organization -- "Scholars for 9/11 Truths." It, along with another nearly identical lawsuit, filed by Mr.

Leaphart, on May 31, 2007, entitled, *Dr. Morgan Reynolds v. Applied Research Assoc., Inc.*, No. 07 Civ. 4612 (GBD) (S.D.N.Y.) (2007) (the "Reynolds" action),[1] have been utilized to promote the Scholars for 9/11 Truths, the Relator's own websites, and Mr. Leaphart's own speaking engagements promoting their common agenda.[2] (Exhibits D-F). These improper motivations for filing have wasted valuable judicial resources and the Defendant's time and money.

What is more, on February 20, 2008, counsel for UL received notice from Mr. Leaphart advising UL of his intention to file a Motion for Rule 11 Sanctions against UL, in response to UL having filed its motion to dismiss, just hours before. As such, in this motion, UL is also seeking costs in relation to having to respond to Plaintiff's Motion for Rule 11 Sanctions, who's frivolous filing ironically highlights the type of filings that Rule 11 is intended to deter.

---

[1] A copy of the complaint filed in the <u>Reynolds</u> action is attached hereto as Exhibit B. UL and, upon information and belief the other Defendants, have been served with this complaint and have since responded by filing motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 9(b), as well as motions for sanctions pursuant to Fed. R. Civ.P. 11 and § 3730(d)(4) of the FCA.
[2] Significantly, not only is Relator a member of this conspiracy group, but her attorney is as well.

## II.     Legal Standard

Rule 11 of the Federal Rules of Civil Procedure, which confers on a district court the sanctioning authority advocated here, should be exercised in this case.   The Rule provides, in pertinent part, as follows:

> "By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, - (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief." Fed. R.Civ.P. 11(b).

Once a court determines that Rule 11(b) has been violated, it may, in its discretion, impose sanctions limited to what is "sufficient to deter repetition of such conduct," by imposing an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation, including, but not limited to the imposition of monetary sanctions. Fed. R. Civ. P. 11(c)(1)(2).

"Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." Gutierrez v. Fox, 141 F. 3d 425, 427 (2d Cir. 1998), *quoting* Eastway Construction Corp. v. City of New York, 762 F. 2d 243, 253 (2d Cir. 1985). "Reasonable inquiry" requires attorneys to seek credible information rather than proceed on mere suspicions or supposition. California Architectural Building Products v. Franciscan

4

Ceramics, 818 F. 2d 1466, 1472 (9th Cit. 1987). To this end, "a complaint containing allegations unsupported by any information obtained prior to filing, or allegations based on information which minimal factual inquiry would disprove, will subject the author to sanctions." In re Kunstler, 914 F. 2d 505, 516 (4th Cir. 1990).

The standard utilized by courts in assessing an application for an award of fees under Rule 11 is essentially one of "objective reasonableness." Pentagen Technologies Intern. Ltd. v. U.S, 172 F.Supp.2d 464, 471 (S.D.N.Y. 2001) (citing Ted Lapidus, S.A. v. Vann, 112 F.3d 91, 96 (2d Cir.1997) (quoting United States v. Intern. Bhd. of Teamsters, 948 F.2d 1338, 1345-6 (2d Cir. 1991). An award is appropriate where the court observes that there is no basis whatsoever upon which plaintiff's counsel has the outline of a valid claim at the time of filing due to unsubstantiated allegations, claims of which have no chance of success on the merits and show no reasonable grounds to believe that such claims could survive on the merits, all amounting to a waste of the court's and opposing counsel's time. Margo, 213 F. 3d 55, 65; Pentagen, 172 F.Supp 2d 464, 470-471.

Moreover, "Subjective good faith...provides [no] safe harbor." Eastway Construction Corp. v. City of New York, 762 F. 2d 243, 253 (2d Cir. 1985), as the objective under the circumstances standard was established to eliminate any 'empty-head pure-heart' justification" for patently frivolous arguments, Margo v. Weiss, 213 F. 3d 55, 64 (2d Cir. 2000) (frivolous legal argument need not be intended as such), where, as previously described by this Court, it is "clear...that there is no chance of success and no reasonable argument to extend, modify, or reverse the law as it stands." Caisse Nationale v. Valcorp, Inc., 28 F. 3d 259, 264 (2d Cir. 1994).

Finally, although Rule 11 sanctions generally take the form of an order to pay a monetary penalty into Court, where a suit is brought for an improper purpose, such as to harass the defendant, sanctions should take the form of an award of attorneys' fees to the defendant's counsel. Union Planters Bank v. L & J Development Co., 115 F. 3d 378 (6th Cir. 1997) ("a direct payout to the injured party is particularly appropriate for Rule 11 (b) (1) violations involving [improper] motivations"), citing Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendment). And, significant to the case at hand, courts have repeatedly held that an improper motivation for bringing an action is evident where the lawsuit is commenced for the purpose of garnering publicity or to promote an agenda. See e.g Galonsky v. Williams, 1997 WL 759445 (S.D.N.Y.) (Rule 11 sanctions appropriate where proposed amended complaint was distributed at a press conference and the claims contained in the pleading were apparently made as part of a public relations campaign designed to embarrass the defendants and coerce settlement); Bryant v. Brooklyn Barbeque Corp., 130 F.R.D. 665 (W.D. Mo. 1990) (Rule 11 sanctions appropriate where complaint was filed solely for purpose of garnering publicity favorable to plaintiff's cause); Robeson v. Britt, 132 F.R.D. 650 (E.D.N.C. 1989), reversed on other grounds and aff'd in relevant part, (activities of plaintiffs and counsel indicate that case was initiated to gain publicity and influence a state prosecution); see also Baker v. Urban Outfitters, Inc., 431 F.Supp 351 (S.D.N.Y. 2006) (attorneys' fee award under Copyright Act was warranted where court, applying objective unreasonableness and improper motivation standards, found that the filing of lawsuit was intended to garner publicity for plaintiff's agent and attorney).

6

**Argument**

The actions of Mr. Leaphart, in his signing and filing the Relator's Complaint, scream for the relief provided for under Rule 11. The Complaint is factually frivolous, legally groundless, and brought for an improper purpose. Relator's "Direct Energy Weapons" and "psychological operations" theory is beyond preposterous. The accusations are not objectively reasonable because they are completely devoid of any basis in law or fact. And, it is apparent that the Complaint has been filed for no reason other than an attempt to promote and market the ridiculous and absurd conspiracy theories to which both Relator and Mr. Leaphart subscribe. Accordingly, UL is entitled to Rule 11 sanctions against Mr. Leaphart for the filing of the Complaint in this action.

**Point I**

**There is no chance of success because the Complaint is legally deficient and fails to support the relief sought**

Aside from the preposterous and offensive nature of the Relator's allegations, the Complaint is legally deficient and fails to support the relief sought. This Court lacks subject matter jurisdiction over Relator's FCA claims because they are statutorily prohibited by the public disclosure bar and Relator's Complaint does not even come close to meeting the heightened pleading standards of Fed. R. Civ P. 9(b).

**A.    Relator's claims are clearly barred by a number of procedural and substantive rules.**

Relator's claims are frivolous because they are based on publicly disclosed information and, therefore, are precluded by the public disclosure bar. Relator's FCA

claims are prohibited by the public disclosure bar because Relator's allegations are based entirely on information in the public domain, for which Relator is not an original source. This lack of subject matter jurisdiction over the Relator's causes of action under the FCA is abundantly clear. Indeed, the Relator herself has conceded that her Complaint relies exclusively upon information in the public domain; that is, information publicly available on "NIST's website." Compl., Ex. A, RFC from Judy Wood to NIST, p. 4. Moreover, Relator does not allege that she has any direct or independent knowledge of the allegations in her complaint such that she would qualify as an original source under the FCA.

Relator's Complaint also fails to allege fraud with the particularity required under Fed. R. Civ P. 9(b). Relator does not identify with particularity a single false claim that was allegedly submitted to the Government by any of the Defendants. Relator further fails to provide any particulars regarding the underlying conduct that purportedly resulted in Defendants' submission of false claims for payment. As Relator does not specify how the Defendants contributed to the fraudulent nature of NCSTAR 1,[3] what fraudulent actions any Defendant engaged in, or the extent of the Government complicity in any alleged fraud, his Complaint fails to satisfy the particularity requirements of Rule 9 (b). In sum, a reasonable attorney should have concluded that Relator's FCA claims are not supported by existing law and have no reasonable chance of success. As described above,

---

[3] On August 21, 2002, the National Institute of Standards and Technology ("NIST") announced its intent to conduct a building and fire safety investigation of the WTC disaster (the "NIST Investigation"). On October 1, 2002, the National Construction Safety Team Act ("NCSTA") was signed into law, 15 U.S.C. § 7301 *et seq.*, and the NIST Investigation was funded through the Federal Emergency Management Agency ("FEMA"). The specific objectives of the NIST Investigation included, *inter alia, to* "[d]etermine why and how WTC 1 and WTC 2 collapsed following the initial impacts of the aircraft and why and how WTC 7 collapsed." Nat'l Inst. Of Standards & Techn., U.S. Dep't of Commerce, Final Report on the Collapse of the World Trade Center Towers (2005), p. xxix (emphasis added) (hereinafter "NCSTAR 1"). On October 26, 2005, NIST released NCSTAR 1, which is at issue in this suit.

the public disclosure rule, codified at § 3730(e)(4)(A), expressly deprives the Court of subject matter jurisdiction over Relator's claims. Furthermore, Relator's assertion that NIST conspired with the Defendants to falsify NCSTAR 1 is inconsistent with Relator's allegation that Defendants defrauded the Government and, therefore, fails to state a claim under the FCA. Accordingly, Rule 11 sanctions should be granted against Mr. Leaphart based on his clear failure to conduct a reasonable inquiry into the viability of such a pleading prior to signing and filing the complaint with the Court. The smallest of inquiries would have revealed the meritless nature of the legal arguments, which clearly have no chance of survival under existing precedent and no reasonable argument to extend.

**Point II**

**There is no chance of success because the factual allegations are groundless**

Relator's Complaint is filled with baseless and absurd conclusory allegations that lack any factual support whatsoever. Despite all evidence to the contrary, Relator purports that the events of September 11 were a hoax and that no aircraft struck the World Trade Center Towers. Relator alleges that Defendants created the false impression that aircraft struck the WTC Towers through some sort of "psychological operation" and, therefore, any conclusion that aircraft impacts and subsequent jet fuel fires caused the collapse of the WTC Towers is not only wrong, but also somehow fraudulent. Relator seems to allege that the Defendants are liable to the Government under the FCA for manipulating the NIST Investigation and providing false information to the Government. As part of this supposed conspiracy, Relator alleges that the Defendants submitted false claims for payment to the United States Government. The United States investigated the

Relator's allegations for less than one month, and, on June 22, 2007, declined intervention.

The ridiculous nature of Relator's allegations aside, Relator's Complaint fails to provide the required factual support for his contentions in order to validly provide a basis to state a claim under the statutes and causes of actions pled at the time of filing. In her Complaint, the Relator fails to allege any particular facts against Defendants, and UL in particular, that support her conclusion, nor does she identify any information or statement that UL provided to, or withheld from, NIST. The Complaint also fails to specify where or when the allegedly fraudulent statements or information was conveyed or withheld, why or how such conduct was fraudulent, and how such information, or the lack thereof, contributed to NIST's conclusions. Further, every allegation in Relator's Complaint is based on public information. Relator, by her own admission, does not possess any direct or inside information regarding the NIST investigations or the Defendants' statements to NIST.

Moreover, Relator's Complaint fails to plead any particulars regarding Defendants' alleged fraudulent scheme. Specifically, Relator fails to explain how the Defendants contributed to the alleged fraudulent nature of NCSTAR 1, and fails to attribute specific instances of fraud to specific Defendants. Relator's Complaint impermissibly relies on "sweeping references to acts by all or some of the defendants without apprising the individual defendants of what exactly they are accused," Center Cadillac, supra, 808 F. Supp. at 230. For these additional reasons, Relator's Complaint fails to satisfy the requirements of Rule 9(b).

In sum, Mr. Leaphart should be sanctioned under Rule 11 because Relator's Complaint is factually frivolous. The Complaint repeatedly alleges a conspiracy and fraudulent conduct in relation to NCSTAR 1 as against the Defendants, yet contains no supporting details. Without specific allegations regarding their supposedly fraudulent conduct in relation to NCSTAR 1, Defendants are unable to properly defend against Relator's claims. See O'Brien v. Nat'l Prop. Analysts Partners, 936 F.2d 674, 676 (2d Cir. 1991) (the particularity requirement of Rule 9(b) serves to "provide a defendant with fair notice of a plaintiff's claim"). The vague and conclusory nature of Relator's allegations against UL and the other Defendants demonstrates that Mr. Leaphart failed to comply with his duty to investigate the credibility of this information in terms of being able to provide the requisite factual support for Relator's legal claims against Defendants, and, instead, impermissibly signed a pleading based on claims of wild speculation.

**Point III**

**Attorneys' Fees should be awarded to UL because the Complaint**
**was brought for an Improper Purpose; to promote the conspiracy**
**theories of Relator and counsel, and to harass UL and the other Defendants**

In addition to being factually groundless and legally frivolous, the Complaint is also sanctionable because it was filed for an improper purpose, namely, to promote the agenda of Relator and counsel. The Complaint, as well as the very similar Reynolds[4] action filed by Mr. Leaphart are pieces of propaganda; vehicles to showcase both Relator and Mr. Leaphart's conspiracy group theories. It is overly apparent that the Complaint is

---

[4] It is expected that Mr. Leaphart will contend this, but UL is confident that the Court will see through the frivolous nature of this implausible argument.

designed to promote such conspiracy theories, and harass the Defendants by forcing them to run up litigation expenses fighting a frivolous lawsuit. More troubling is the offensive nature of the claims asserted in the Complaint, which insults the victims and their families by falsely promoting outlandish and inflammatory theories that make light of the events that took place on September 11th.

When this Court has been presented with similar circumstances where a plaintiff and/or counsel have abused the court system in an attempt to garner publicity, it has not hesitated to award a defendant its attorneys' fees. For instance, in its recent decision of Baker v. Urban Outfitters, Inc., 431 F.Supp 351 (S.D.N.Y. 2006), this Court held that an award of attorneys' fees under the Copyright Act was warranted where, applying an objective unreasonableness and improper motivation standards, it found that the filing of the lawsuit was intended to garner publicity for plaintiff's agent and his attorney.[5]

Similarly, as discussed above, the facts of this case clearly indicate that the action was commenced with the intent to garner publicity for Relator and his attorney, Mr. Leaphart, as well as their common conspiracy theories.

And, while Relator and her counsel might protest that issuing press releases and referring to the Complaint on various websites is protected First Amendment activity, such a position has previously been addressed by this Court in Galonsky v. Williams, 1997 WL 759445 (Dec. 10, 1997, S.D.N.Y.), as well as the Eastern District Court of North Carolina in Robeson v. Britt, 132 F.R.D. 650, (E.D.N.C. 1989). Both Courts have concluded that while it is not improper for an attorney to simply speak with the press, it is nevertheless, appropriate for the court to consider such conduct on the part of counsel in

---

[5] While the fees awarded in Baker, were pursuant to the Copyright Act and not Rule 11, the "objective unreasonableness" and "improper motivation" analysis, however, is the same.

12

assessing the issue of his or her good faith in filing frivolous actions. See Galonsky,

1997 WL 759445, at *6; Robeson, 132 F.D.R. at 654 n.4.  As such, it is also appropriate

for this Court to review the internet propaganda attached and discussed herein, as part of

its process in assessing whether Mr. Leaphart acted in good faith in his signing and filing

of this frivolous action. Upon such review, it will be apparent that good faith on the part

of counsel was not present.[6]

      For these reasons, the frivolous allegations against Defendants contained in

Relator's Complaint are not objectively reasonable because they lack any basis in law or

fact and were filed for an improper purpose. The act of filing and submitting to the Court

such misrepresentations and meritless arguments and, consequently, forcing Defendants

to run up litigation expenses to respond to such a frivolous lawsuit, is a classic example

of the kind of improper conduct Rule 11 was designed to eliminate. Accordingly, UL is

entitled to Rule 11 sanctions against Mr. Leaphart for the filing of the Complaint in this

action. In addition, UL is entitled to costs and expenses related to having to respond to

Relator's Motion for Rule 11 Sanctions, which clearly has no chance of success, as its

claims only serve to emphasize the lack of legal merit or evidentiary support common to

all of Relator's claims in this matter.

---

[6] What is more, this Court noted certain tactical maneuvers by counsel in Galonsky, which factored into the Court's overall order of Rule 11 sanctions that were likened to mere attempts to keep counsel in a case that had given him high visibility. Id. at 6. Likewise, here, Mr. Leaphart has also filed another action on behalf of fellow conspiracy theorist and 911 Scholar, Dr. Morgan Reynolds, the facts and allegations of which mirror the instant case.

**III.**    <u>**Conclusion**</u>

For all of the foregoing reasons, it is respectfully requested that UL's motion to impose sanctions upon Mr. Leaphart, including the imposition of attorneys' fees, be granted in its entirety.

Dated: February 25, 2008

Respectfully submitted,

BIEDERMANN, REIF, HOENIG & RUFF, P.C.

By:

Philip C. Semprevivo (PS1526)

570 Lexington Avenue
New York, New York 10022
(212) 697-6555

psemprevivo@bhmr.com

*Attorneys for Defendant Underwriters
Laboratories, Inc.*

14