| | |
|---|---|
| Subj: | **Wood v ARA(07cv3314) and Reynolds v. SAIC(07cv4612)** |
| Date: | 03/06/2008 10:15:10 AM Eastern Standard Time |
| From: | Jsleaphart |
| To: | Jsleaphart |
| File: | **022908email.ZIP** (3700523 bytes) DL Time (TCP/IP): < 5 minutes |

Greetings Attorney Charles E. Dorkey:

This acknowledges your filing of Docket ## 64 - 67 and 126 - 129, respectively, in the referenced cases. Said filings constitute motions to dismiss based on joinder with the motions to dismiss previously filed on behalf of defendant Applied Research Associates Inc. (ARA).

On plaintiffs' behalf, I am currently assessing whether an issue of timeliness exists, or not, with respect to your said filings. As per Docket ## 23 (Wood) and 114 (Reynolds), all 'replies' 'responses' to pending motions to dismiss were to have been filed by February 29th. The SAIC filings are beyond that date. The question is whether or not joining an existing motion should have been done on or before February 29th? If you have a position on the matter and would like to comment, please feel free to do so and I will consider carefully your expressed viewpoint.

As the matter currently stands, SAIC has joined ARA's motion, accordingly I have attached hereto a proposed R 11 motion previously sent to ARA based on their use of improper characterizations of an opposing party and counsel, all as more fully elaborated in said proposed motion. In the event SAIC's said joinder is ultimately found to be timely, then, in that event, it is my view that SAIC would also be subject to the R 11 motion. Once again, if you have a viewpoint that you would like to communicate concerning that issue, please feel free to do so.

Finally, in the Wood matter, we have placed NIST and the US Attorney's office, SDNY, on notice of a continuing public safety issue at Ground Zero (GZ) and I have attached a copy of that notice packet to this email for your information. Among the defendants in this case, SAIC may have more knowledge and information than virtually any other, based upon what my clients have ascertained concerning SAIC's involvement in the issues presented.

The information upon which the preceding statement is based includes, but is not limited to, the following:

1--SAIC has been present and involved in GZ cleanup from 9/11/01 to the present.

2--SAIC is a manufacturer, tester, developer of Directed Energy Weaponry (DEW).

3--SAIC is involved in research, development and implementation of psychological warfare tactics and a wide variety of psychological operations (collectively, psy ops) and has been so engaged in such operations at all times relevant to this matter.

4--SAIC currently exercises control of ingress to and egress from GZ in its capacity of having control of the 'security' of the site.

5--SAIC is aware that GZ, which includes the Bankers Trust building site, has not been remediated and that what Dr. Wood refers to as 'fuming' is among the indicators of the need for ongoing remediation.

6--Administrative control of and responsibility for NIST's NCSTAR1 project was given over to SAIC.

If there are any questions regarding any of the foregoing, please revert.

Very truly yours,

Jerry Leaphart
Plaintiffs' counsel